GINN *vs.* CLACK.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE SIXTH PRESIDING.

When there is not sufficient time to cite in the appellee by the *return day*, the clerk cannot alter the time by inserting a prolongation of the day of appearance in the citation. The day on which the party is cited must be the one fixed by the judge, and be expressly stated in the citation.

The appellee may file his motion to dismiss the appeal, at any time within three days after the day on which he is cited to appear ; and this right he has, even if the record be filed sooner, and the cause set down for trial.

Where there was not time to cite in the appellee on the return day fixed by the judge, the appeal was, on his motion, dismissed.

This is a petitory action to recover a tract of land in the possession of the defendant. On trial, after the pleadings and issues were made up, and evidence adduced, the defendant had judgment, from which the plaintiff appealed.

Judgment was rendered the 25th of September, 1837, and an appeal was granted the 25th of September, 1838, returnable to the first Monday (1st day) of October following. Citations issued and were served on the appellee the same day. But the citation runs thus : " You are hereby cited to appear, &c., on the first Monday of October next, if twenty-four days shall remain between the time of service hereof and the said first Monday of October next, but if so many days shall not remain, then, in twenty-four days from and after the service hereof, *to answer to the said appeal.*"

*Mc Guire*, for the defendant and appellee, moved to dismiss the appeal, for defect and irregularity in the return day and citation.

*Martin, J.*, delivered the opinion of the court.

The dismissal of the appeal is prayed for in this case, on the ground that it was granted on the 25th of September, 1838, and made returnable to the 1st of October following.

The appellant has urged, that the irregularity of the

return day is cured by the citation, in which the appellee is cited to appear "on the first Monday in October next, if twenty-four days shall remain between the time of service hereof and the said first Monday of October, but if so many days shall not remain, then, in twenty-four days after service hereof," &c.

· The Code of Practice, makes it the duty of the judge to state, at the foot of the petition, the day on which the appeal shall be returned; article 574. He did so in the present case, and we are ignorant of any authority in the clerk to substitute another return day to that which the judge has fixed. The day on which the party is cited to appear, must be expressly stated in the citation, and must be certain and not left to be ascertained by computation.

The law requires, that the appellee must be cited to appear at the next term, if there be sufficient time, after allowing the same delay which is granted to defendants in ordinary suits, and if not, to the subsequent term; *Code of Practice,* 583. This appeal was granted on the 25th of September : according to the calculation in the citation, twenty-four days were to be allowed from the service, to satisfy the delay of one day for every ten miles between the place of his residence and that on which the court is held, as well as the ten days allowed to defendants in ordinary cases to answer in. To these, ten more days ought to· have been allowed for the time necessary to procure the citation from the clerk, put it in the hands of the sheriff, and to have service made; in all, about thirty-four days, which must have protracted the return day, to the 29th or 30th of October. As at this late date, the Supreme Court is not in session in the Western District, because it must necessarily adjourn on the 31st of the month; no proceedings could be had on the appeal, if returnable at this October term; it ought, therefore, to have been made returnable to the first Monday of the succeeding term. ,

The counsel for the appellant has urged, that the appellee's motion to dismiss, cannot be heard, because it was not filed within three days after the record was filed, and not until the cause was set for trial. The Code of Practice,

61     VOL. XII.

WESTERN DIST.
Oct. 1838.

GINN
vs.
CLACK.

When there is not sufficient time to cite in the appellee by the *return day*, the clerk cannot alter the time by inserting a prolongation of the day of appearance in the citation. The day on which the party is cited must be the one fixed by the judge, and be expressly stated in the citation.

The appellee may file his motion to dismiss the appeal, at any time within three days *after the day* on which he is cited to appear; and this right he has, even if the record be filed sooner and the cause set down for trial.

WESTERN DIST.
*Oct. 1838.*

indeed, requires, that the appellee shall file his answer within three days after the time allowed him for appearance by the citation. In this case, the citation required him to appear on a day subsequent to the 20th of October, and the motion to dismiss was filed more than a week before. *Code of Practice,* 886. 2 *Louisiana Reports,* 300.

Where there was not time to cite in the appellee on the return day fixed by the judge, the appeal was, on his motion, dismissed.

If the cause had been regularly set down for trial, it is not clear that the appellee would necessarily be deprived of the right of dismissing the appeal ; but it appears to have been set down before the day fixed in the citation for the appearance of the appellee. This cannot preclude him from filing his answer, or a motion to dismiss, for he had three days to do so, as the appellant admits, after the day of appearance.

It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed, with costs.

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT, FOR THE PARISH OF OUACHITA, THE JUDGE OF THE SIXTH PRESIDING.