No. 7924.

W. L. WOOTON VS. ALCÉE LE BLANC.

ON MOTION TO DISMISS.

*This being a case in which the right of office is involved, the Appeal should have been made returnable in ten days from the rendition of judgment by the Court below.*

*Our jurisprudence is settled on this point, that when the appellant suggests an improper return-day, which is adopted by the Judge in the Order of appeal, it is an error imputable to the former and not to the latter, and the Appeal should be dismissed.*

APPEAL from the Twenty-Fourth Judicial District Court, parish of St. Bernard. *Livaudais*, J.

Robert Mott and Branch K. Miller for Plaintiff and Appellee.

Henry Chiapella, John S. Tully, and R. T. Beauregard for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. Plaintiff, as Inspector of Live Stock of the Crescent-City Live-Stock Landing and Slaughter-House Company, obtained an injunction from the Twenty-Fourth District Court of the parish of St. Bernard restraining Alcée Le Blanc, defendant, claiming to be an inspector of live stock for the parish of St. Bernard, from interfering with the plaintiff in the discharge of his duties as inspector of live stock of the said company's premises, duly appointed as said inspector by the Governor of the State.

The defendant, after excepting to the petition on the ground that it contained no cause of action, answered to the merits.

The answer, after averring the defendant's appointment by the Police Jury of the parish of St. Bernard of "Inspector of Live Stock to be slaughtered in said parish, at the Crescent-City Live-Stock Landing and Slaughter-House Company," contained the further averment that "the appointment of said Wooton, if any was made, who is not a resident of the parish, to the office aforesaid was illegal, null, and void, violative of the provisions of the constitution, and an encroachmennt on the rights, privileges, and prerogatives delegated by said constitution to the parochial authorities of each respective parish of the State."

The case was tried on these pleadings, and from a judgment in favor of the plaintiff defendant has appealed.

There is a motion to dismiss the appeal on the ground substantially that in this case the right to an office is involved, and the appeal in such

cases must be made returnable in ten days after the rendition of the judgment appealed from.

Section seven of Act 45 of Extra Session of 1870 provides:

"That in all cases in which the right to office is involved, and an appeal is taken from the judgment of the lower court, *it shall be returnable in ten days after judgment of the lower court,* and the Supreme Court, on the motion of either party, shall proceed to try the same by preference."

The pleadings, a part of which we have quoted literally, show that this suit "*involves the right to office.*" This character of the action is further shown by the motion of plaintiff, and the express admissions therein, to have the case assigned for argument in this court as a preference case.

The judgment in the case was signed by the judge *a quo* on the first of May, 1880, the appeal was made returnable on the third Monday of May, 1880 (17th), more than ten days after the date of the judgment.

In the case of the State ex rel. Slack et al. vs. F. A. Hall, 26 A. 58, where the same question involved in the motion in this case was before the court, the court held:

"The policy of the law requiring appeals in cases involving the right to office to be made returnable in ten days after rendition of judgment is obviously to have such cases determined, and with the least possible delay. The requirement of the law must therefore be strictly construed."

It is urged, however, that this irregularity is not attributable to the fault of the appellant; but we find in the petition for an appeal made by the appellant it was expressly asked that the appeal be made returnable on the day designated above, and the order of the judge merely fixed the day as prayed for.

It is therefore ordered, adjudged, and decreed that the appeal be dismissed at the cost of the appellant.

---

## On Application for Rehearing.

Bermudez, C. J. In consequence of the earnestness with which appellant's counsel press us for a rehearing, we feel much regret at our inability to grant the relief sought.

This is clearly a contest involving directly a right of office.

The plaintiff is the incumbent, and enjoins the defendant, who pretends that he is entitled to exercise the same official functions which the plaintiff fulfills.

The plaintiff holds under a commission from the Executive. The defendant claims under an election from a police jury. They both in-

45

sist that they have exclusive rights to the same official privileges and duties. The only difference is, that the sphere within which the plaintiff alleges that he is authorized to act, which is that of the precincts of the Slaughter-House Company, is in point of area less comprehensive than that over which the defendant avers that he has jurisdiction, which is the territory of the parish of St. Bernard, within which the said precincts are established. The plaintiff's pretensions are for the exercise of functions within an area which excludes that claimed by the defendant, while those of the defendant are for a similar exercise, within an area which includes that over which plaintiff claims to have sole jurisdiction. The plaintiff may well have a right to discharge his functions within certain limits, and the defendant may well have a *similar*, though not *identical* official right, but over a different territory, beyond that to supervise which the plaintiff says he was appointed. To show that it is a contest for an office, the best test is, perhaps, that each claims to be entitled officially,—the one to the exclusion of the other,—to the same rights and duties, particularly the emoluments arising from the same source. The plaintiff, who is in office, enjoins the defendant to keep him *out* of that office as far as their pretensions conflict. The defendant, who is *out* of office, litigates to put plaintiff *out* and to put himself *in* office. A clearer case involving a right of office cannot easily be conceived. The parties have treated, by their pleadings and their other acts, this suit as one involving a right of office. We cannot see by what authority we can discountenance proceedings not reprobated by law and which are susceptible of accomplishing the object which the parties had in view:— an adjustment of their respective differences. This was done by the final judgment of the lower court.

Dissatisfied with the finding of the lower court, the defendant has appealed suspensively from it. A motion to dismiss the appeal was made and sustained. The ruling was based on the consideration that this being a suit in which a right to office is involved, the appeal should have been made returnable *within* ten days after judgment, and that it was made returnable *after* that period. We were therefore prevented from inquiring into the merits of the controversy. We much regretted it, but we cannot say that had we done so the appellant would have derived any benefit from the reversal.

The appeal was made returnable on the day *suggested* in the petition of appeal, which was an improper day, as it was beyond the ten days following judgment, which is the period within which the appeal should have been returned.

This was an error, assuredly. If so, it was attributable to some one. To whom, then? It cannot but be to the party who caused it. Who that party is, is a question which strictly need not be answered, for it is

self-evident. The error is imputable to the appellant, and not to the judge, who granted, *ipsissimis verbis*, the prayer of the petition in which the return-day is expressly suggested.

Our attention is called to the ruling in Chaffe vs. Heyner, 31 A. 595, in which relief was granted to an appellant whose appeal was sought to be dismissed because by the order on the motion of appeal, which was drawn up entirely by appellant's counsel and adopted by the District Judge, an improper return-day was assigned. This court held that " an order of court, whether written by the attorney of one of the litigants or by the clerk, is the act of the judge." * * * " It was the judge who made the order of appeal, who named an improper day for its return, and the defendant cannot be prejudiced." This ruling has our unequivocal indorsement, and it is therefore unreservedly affirmed. It was made *because the appellant had not suggested the return-day designated by the judge.* Had he done so in the body of the motion in which he averred his complaint and which forms no part of the order of appeal, to which it serves as a *basis,* the court would not have ruled as it did. An inspection of the motion itself shows that *no suggestion whatever* of the return-day was made by the appellant. The jurisprudence is settled that where the appellant suggests an improper return-day, which is adopted by the judge, it is an error which is imputable *to him,* and *not to the judge,* and which will justify the dismissal of the appeal.

In 10 A. 779, in which a motion was made, the court said :

" The motion was made verbally and as it was the duty of the judge in granting the appeal to fix the return-day, in accordance with the law and the rights of the appellee, and as there is nothing to show that the appellant suggested any particular return-day, we must consider the order of appeal as the act of the judge." * * * Trimble vs. Brichta, 10 A. 779.

In 26 A. 747, the proceeding was by petition *praying* that the appeal be returnable on the next return-day, for trials of appeals from the parish of Iberville, which was then the ninth of February, 1874. The court held that it was an improper return-day, and dismissed the appeal, saying :

" The fault lies with the appellants, as they prayed that their appeal be made 'returnable to the Supreme Court of Louisiana, at the next regular term for appeals from the Fifth Judicial District of Louisiana.' The application for an appeal was made in writing, and the time fixed for the return thereof by the judge, was the day asked for by the appellants. If they erred, the error is their own." The court cited with approval 10 A. 778, and 8 La. 220, 12 La. 480, 483.

The appellant's counsel invites our attention to *affidavits* annexed to the petition for a rehearing, but we have not considered them.

The grounds of complaint in the petition, in so far as facts are involved, must be verified by evidence in the transcript, and not by *ex parte* testimony of matters *in pais*, particularly in a case where no proof is admissible at all.

The petition for a rehearing is refused with costs.

### DISSENTING OPINION.

FENNER, J.   I think we committed an error in dismissing the appeal in this case, and that a rehearing should therefore be granted.

The ground upon which the appeal was dismissed is, that it was not made returnable on the day and within the delay required by law, and that this error is imputable to the fault of appellant.   If not imputable to fault of appellant or his counsel, we clearly should not dismiss. The *fault* attributed to appellant's counsel is, that he presented a petition to the court in which he prayed for an order granting the appeal and specified the day on which it should be made returnable ; and that the judge granted the order as prayed for.   The counsel of appellant have filed with their application for rehearing affidavits to the effect that, although in the prayer of their petition, as presented in the record, it does appear that the return-day is included, yet that in their petition as presented to the judge, said day was left blank and was filled in by another than themselves, under the direction of the judge in granting his order.   Recognizing the common custom that prevails in practice, of presenting petitions praying for orders, leaving therein blanks to be filled by direction of the judge in granting the order ; and considering that we are passing upon a question of fault on the part of practicing attorneys of the court, I think they should be permitted to explain apparent fault in a case of this kind, and that the affidavits should be considered.

But even excluding the affidavits, I think the case is fully covered by the recent decision in Chaffe vs. Heyner, 31 An. 595.   There it was "alleged that the defect (in the return-day) was imputable to the appellant, because the motion is written by his attorney, and the day is fixed therein, and the judge merely adopted the day as thus fixed." But the court said : "An order of court, whether written by the attorney of one of the litigants or by the clerk, is the act of the judge.   *   *   It was the judge who made the order of appeal, and who named an improper day for its return, and the appellant cannot be prejudiced by his act." I am utterly unable to appreciate the difference in fault between the attorney who presents to a court a motion of appeal with an order fixing the return on a day therein written out and asks the court to grant it,

and him who presents a petition of appeal similarly framed. They seem to me to stand in the same case.

In either case, the judge, in making his order, is exercising a judicial function, and it cannot be assumed that he is influenced by the request of the attorney, or would have made a different order, had the attorney asked him so to do. The case might be different if the action of the attorney misled the judge on a question of fact, as in 26 An. 747, where the attorney asked for the usual return-day, without informing the court that the appellee resided at such a distance that the return-day would pass before the delays of citation would expire.

If this had not been a question affecting the conduct of officers of the court, I should not have thought it necessary to express my reasons for dissent on the mere refusal of a rehearing.