### E. Buisson *v.* S. D. Staats.—W. Miller, Intervenor.

Where the amount of the claim is less than three hundred dollars, notwithstanding the amount of the property seized under garnishment process is more than that sum, the appeal will be dismissed.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Michel & Gilmore*, for plaintiff and appellant. *Dunlap*, for intervenor.

BUCHANAN, J. (VOORHIES, J., absent.) The suit was brought upon a note of $125, to which the defendant pleaded in compensation a balance upon a contract of $1600. Judgment having been rendered for plaintiff for the amount by him claimed, and rejecting the compensation. Plaintiff, under his *fi. fa.*, issued garnishment process to the city treasurer, who acknowledged, in answer to interrogatories, having in his hands $575 balance due by the city to defendant, "and for the whole of which the said *Staats* has given an order in favor of *W. Miller*." Subsequently, *W. Miller* took a rule upon plaintiff to show cause why the garnishment and seizure should not be discharged, on the ground that he, the said *Miller*, was the *bona fide* owner and holder, by legal assignment, of the debt aforesaid previous to said garnishment. Plaintiff has appealed from a judgment making this rule absolute; and the appellee, *Miller*, moves to dismiss the appeal for want of jurisdiction, the amount in controversy being less than three hundred dollars.

The appellee claimed, it is true, by his third opposition, the ownership of a claim against the city treasurer for the sum of five hundred and seventy-five dollars, but it can scarcely be said that the "matter in dispute" between him and the appellant "exceeded three hundred dollars." Const., Art. 62. The appellant had evidently no larger right against the debtor of his debtor in execution, than he had against his debtor in execution; and that right is expressed in the *fi. fa.*, as follows: "The sum of one hundred and twenty-five dollars, with five per cent. per annum interest from the 14th February, 1853, until paid,

and also the sum of $15 35 costs, exclusive of sheriff's fees." If any ambiguity appear in this description of the amount, it is removed by the agreement of parties, in the record, "that the amount of plaintiff's judgment, interest and all costs, say the sum of one hundred and sixty dollars, shall be deposited in court till the further order of the court, and that the balance of the debt due by the city to the said defendant be paid over to the said *William Miller* by the sheriff.

It has been frequently decided that an appeal will not lie from a judgment upon a motion to quash a seizure, when the value of the property seized does not appear, although the amount of the claim, to secure which the seizure was made, be above three hundred dollars. See Hennen's Digest, verbo Appeal, p. 17, No. 4. *A fortiori*, when the amount of the claim is less than three hundred dollars, although the amount of property seized is more than that sum.

The Code of Practice has provided for the reduction of a seizure under execution, when it exceeds what may be reasonably thought necessary to satisfy the judgment and costs. Art. 652, 653. Act of April 7th, 1826, sec. 13. It is evident, that in contemplation of law, the amount of the seizure never exceeds the amount of the writ.

Again, where defendant admits his liability for a part of a claim, and pays that portion into court, for which plaintiff takes judgment, removing his right to the balance, which is less than the amount necessary to authorize an appeal, no appeal will lie from the judgment in relation to that balance. *Second Municipality* v. *Corning*, 4 Ann., 407.

The motion is therefore sustained, and the appeal dismissed with costs.