F. W. GUSTINE AND WIFE *v.* NEW ORLEANS OIL MANUFACTURING CO. BRIDGE, BARTLETT & CO., Garnishees.

In the proceeding of garnishment the real demand in contestation is the claim of the plaintiff against the debtor and garnishee. And, on appeal, if that demand is under three hundred dollars, the appeal will be dismissed.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Hunt* and *Denegre*, for plaintiffs. *D. C. Labatt* and *T. J. Semmes*, for garnishees and appellants.

MERRICK, C. J. The plaintiffs having recovered judgment against the defendant for $204, with five per cent. interest thereon from the 30th of June, 1857, issued a *fi. fa.*, and propounded interrogatories to *Messrs. Bridge, Bartlett & Co.* by way of garnishment.

The garnishees in their answers denied that they had any funds of the defendant in their hands, but stated that the defendant was indebted to them in the sum of $1350, and that the company had pledged certain papers, as collaterals, to pay the same; that if any thing should be left after collecting the collaterals, it will belong to defendant, but whether these assets are good or bad, or whether or not any balance will remain, it is impossible to state.

On the trial, a contract of pledge was produced, in which the property affected by the pledge appeared to be a quantity of oil, instead of the paper named in the answer of the garnishees.

The District Judge ordered the notes and obligations mentioned in the answers of the garnishees to be delivered to the Sheriff, to satisfy the judgment against the oil company.

The garnishees appealed. The appellees contend, that this court is without jurisdiction, because the demand is under $300. The garnishees aver that their contract of pledge was for $1350, and the paper in their hands is the proceeds of the oil which was pledged to them, and, that, if the plaintiff is permitted to absorb a part of this claim, others with small claims might do the like, and thus it would happen, that although he possess a thing within the jurisdiction of this court, yet it could never be passed upon by this court in the last resort, because it has been absorbed by a number of small claims.

It is true, that there is some force in this objection, but we think the question of jurisdiction must be tested by the demand. The demand in garnishment was not to take from the defendant any particular thing, but to discover something in his hands of sufficient value to pay the debt. The garnishees deny that they have anything, and, as a defence, set up an act of pledge as proof.

The District Judge thinks that the act of pledge does not cover the notes, and compels the garnishees to hand them over to the Sheriff, in order that an amount equal to the debt be realized.

How does it then appear that a contract over $300 in value has been annulled? How does it appear that the notes to be handed to the Sheriff are worth over three hundred dollars? And if the act of pledge had been disregarded how does it appear that the garnishees have had a matter in dispute under any pleadings which could have the force of the thing adjudged within the appellate jurisdiction of this court?

The case is different where a third person in possession of property finds himself deprived of it, by the unlawful action of the Sheriff. In demanding from the Sheriff property of more than $300 in value, he demands by his suit something within the jurisdiction of this court. But it is otherwise, where parties to a suit find themselves condemned, on account of a demand less than three hundred dollars. For example, a mortgage for $204 might rest upon property of many thousand dollars of value, yet there could be no appeal from the decree enforcing the mortgage and decreeing the property to be sold.

An attachment is issued by a Justice of the Peace, and for a small debt; a slave or a steamboat is attached, is this court to take jurisdiction because the thing seized is worth over $300?

A third person is cited, in the same case, in garnishment, and answers, that there are large dealings between the defendant and himself, and whether there will be anything due the debtor or not will depend on the validity of a contract involving a large amount, shall the Justice of the Peace, by reason of the answer, be deprived of jurisdiction? On the contrary, it appears to us, the real demand in contestation is the claim against the debtor, and, for the like amount, over against the garnishee.

What the garnishee sets up by way of defence to the action ought not to deprive the inferior court of jurisdiction. *Buisson* v. *Staats*, 9 An. 236.

Holding these views, we conclude that the present appeal must be dismissed for want of jurisdiction.

It is, therefore, ordered, adjudged and decreed by the court, that the appeal in this case be dismissed, at the cost of the appellant.