No. 2324.—CHARLES E. LEVERICH v. J. M. DULIN et al.—SUMMERS &. BRANNINS, Garnishees.

In garnishment suits, the jurisdiction is attested by the original demand. If, therefore, the claim against the debtor is above five hundred dollars, the Supreme Court will have jurisdiction of the appeal from a judgment in the garnishment process.

A judgment that has been rendered against a party as garnishee, after he has been eliminated from the suit, is void and of no effect.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J.. J. McConnell*, for plaintiff and appellee. *D. C. Labatt* and *J. O. Harrison*, for garnishees, appellants.

LUDELING, C. J. The appellee has moved to dismiss this appeal on the ground that the amount in dispute does not exceed five hundred dollars.

The plaintiff alleges that the defendant owes him $2192 64, with interest and commissions; that the garnishees have forty-two bales of cotton in their possession belonging to J. M. Dulin, his debtor, and he prays for judgment, *in solido*, against them for said amount.

In suits by garnishment, the amount in contestation is the claim against the debtor and garnishees. The question of jurisdiction is tested by the demand of the petitioner. 1 La. 246; 3 R. 370; 12 Rob. 178; 2 An. 163; 13 An. 510.

The motion to dismiss the appeal is therefore refused.

---

## ON THE MERITS.

HOWE, J. The plaintiff, in his petition, alleged that the defendant, Dulin, a resident of Arkansas, was indebted to him in the sum of $2192 64 for plantation supplies; that Dulin had shipped forty-two bales of cotton, on which plaintiff claimed a lien, to Summers & Brannins, of this city; that the cotton had been sold and the proceeds passed to the account of R. D. Lee, in fraud of plaintiff's rights; that the cotton was the property of Dulin, and the proceeds still belonged to him, and was subject to plaintiff's lien and privilege. He prayed for a writ of attachment against the rights, credits and funds to the account of R. D. Lee in the hands of Summers & Brannins, for citation against the three parties, and judgment against all of them, *in solido*, for the full amount of his claim.

A writ of attachment was ordered as prayed for. The clerk issued a writ against the property of Dulin. The sheriff made seizure apparently of all the property of both Lee and Dulin in the hands of Summers & Brannins. A curator *ad hoc* was appointed for Lee and Dulin, but his appointment, as to Lee, was afterwards revoked, and Lee is not, therefore, a party to this suit.

64

Summers & Brannins being made garnishees, were required to answer the following interrogatories:

*First*—"Have you any money in your hands now to the credit of one Dr. R. D. Lee, and what amount?

*Second*—"If yea, is said amount the proceeds of sale of forty-two bales of cotton, say of forty bales marked 'L' and two bales marked 'A' in a diamond? In this connection state fully the whole transaction." See record, p. 3.

And they answered as follows:

*First*—In answer to the first interrogatory they say: "They had at the time of the service of the citation, and then in this case, and yet have, only the sum of $476 in their hands or under their control for or to the credit of said R. D. Lee. They neither had then nor since to his credit or for him any other or greater sum than $476."

*Second*—In answer to the second interrogatory they say: "That said sum of $476 was not the proceeds of sale of forty-two bales of cotton, of which forty were marked 'L,' and two of which were marked 'A' in a diamond, but were and are the balance of proceeds of sale of forty bales of cotton marked 'L,' consigned to them by R. D. Lee. The said forty bales of cotton were shipped from Douglass Landing by said R. D. Lee, on or about the sixteenth December, 1867; were consigned to these respondents; were received as the property of R. D. Lee, and the proceeds thereof are claimed and belong to said R. D. Lee, and were sold, and the proceeds thereof, except the sum of $476, remitted to and accounted for to him before service on them of the citation herein, and before they had any notice or knowledge of the claim set up by the plaintiffs herein. They never received any cotton from or on account of said J. M. Dulin, and none in which he had any interest, so far as they were informed, know or believe. About the time they received said forty bales, as above, they received two bales marked 'A,' consigned to them by and for account of D. B. Alexander, which they sold and accounted for to him by remitting him the net proceeds, before service of the citation on them in this case, and before they had any notice of plaintiff's claim."

The plaintiff traversed these answers as untrue, and considerable testimony was taken. The judge *a quo*, after taking the matter under advisement, dismissed the rule to traverse. On motion of plaintiff, a new trial was granted on the rule, and no further proceedings appear to have been taken on it.

At this point the case may be summed up in this wise: An attachment is prayed for against funds to the credit of Lee; the clerk issues the process against property of Dulin; the sheriff attempts to seize the property of both Lee and Dulin; interrogatories are addressed to the garnishees, inquiring if they have not money to the credit of Lee,

and on their replying in the affirmative, the plaintiff takes a rule to traverse the answers as false; Lee is then dismissed from the suit; the rule to traverse is next dismissed, and then the same rule is reinstated and left pending.

Nothwithstanding this condition of things, the next step was to give a judgment in favor of plaintiff against Dulin, and finally, on motion of plaintiff, to give a judgment against Summers & Brannins in favor of plaintiff for the $476 in their hands, which they had declared to stand to the credit of and belong to Lee. Summers & Brannins have appealed.

It is clear that this judgment is erroneous. The answers of the garnishees are full and truthful, and they effectually dispose of plaintiff's case. Dulin was not in court, either by personal service or by any seizure of his property, and Lee had been eliminated from the controversy some time before the judgment appealed from was rendered by which it was sought to take his balance of $476 and turn it over to the plaintiff.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the suit dismissed at plaintiff's costs.