State ex rel. Elder vs. Judge of Third District Court et al.

No. 6846.

THE STATE EX REL. T. S. ELDER VS. THE JUDGE OF THE THIRD DISTRICT COURT ET AL.

30 229
45 1421
45 1484
30 229
46 709
46 769
30 229
49 1648
30 229
107 81
30 229
123 756

An appeal will not lie from an order of court made in execution of a previous judgment of that court.

One who has tacitly allowed a judgment to be rendered against him, can not assail it collaterally, on a rule taken by a third person to carry the judgment into effect. He must proceed by a direct action to annul.

The execution of a judgment can be arrested in but two ways, by a suspensive appeal, and by injunction.

A party condemned for a less sum than five hundred dollars can not appeal to this court, although it may appear that the property of defendant, seized in execution of the judgment against him, is worth more than $500.

APPLICATION for writs of mandamus and prohibition.

McGloin & Nixon for relator.

Henry Denis for respondents.

The judgment of the court was delivered by

MANNING, C. J. The city of New Orleans, having obtained judgment against T. S. Elder for $175 for taxes, a writ of *fieri facias* issued, and a piece of real estate situated there was seized and sold by the sheriff, and adjudicated to Mrs. Adams on her bid of $226, which she paid. The adjudicatee then took a rule on the sheriff to shew cause why he should not execute to her a formal act of sale, and put her in possession of the property, which the sheriff answered by alleging that the taxes for 1872 on that property were still unpaid (the sale was for the taxes of 1874), and that he was prohibited from making title until all arrear taxes were paid. He also asked that the State and Elder be made parties to the rule. No appearance was made by pleading by any other than the sheriff, and the court made the rule absolute upon payment by the adjudicatee of the State taxes of 1872. Elder, who without filing any plea or answer, had appeared by counsel on the trial of the rule, or in its argument, prayed an appeal, which being refused, he obtained a mandamus which he now seeks to have decreed peremptory.

An appeal will not lie from an order made in execution of a judgment of a court. The proper course is to appeal from the judgment itself. Boutté v. Executors of Boutté, not yet reported. When the adjudication was made, its legal effect was to transfer to the purchaser all the rights and claims of the defendant in the judgment. The sheriff is thereupon bound to pass an act of sale to the purchaser, and to put him in possession of it. Winn v. Elgee, 6 Rob. 100. It is the adjudication that gives the title. The sheriff's deed is an additional muniment of title to the purchaser, but the defendant's rights are divested by the

judgment, the execution, and the adjudication. Jouett v. Mortimer 29 Annual, 206. Nor can the defendant, who has permitted a judgment to be entered against him without objection, attack it under cover of a rule. He must proceed against it directly by an action of nullity. Lannes v. Workingmen' Bank, 29 Annual, 112. As he could not arrest its execution, by appealing from an order in aid or furtherance of that execution, but must resort to an injunction to stay it, (State v. Judge of 2d Court, 9 Annual, 301) so he can not after it is executed, arrest the making of title, by setting up defects by way of answer to a rule which he should have pleaded before.

There is another objection made by the respondents, viz that this court is without jurisdiction. The property sold is conceded to be worth over five hundred dollars. The judgment under which it was sold is for less than that sum. It is the latter that determines the jurisdiction of this court. If it were a third person who is deprived of the possession of this property, the case would be different. But where a party to a suit finds himself condemned on account of a demand less than five hundred dollars, he has no appeal though the value of the property may exceed that sum. The contestation is about the validity of the judgment. Suppose a mortgage of $226 resting upon Elder's property, which we may concede is worth several thousand dollars, is about to be enforced. No appeal would lie from the decree enforcing the mortgage by a sale. Gustine v. Oil Factory, 13 Annual, 510.

The remedy of relator is of another kind. The peremptory mandamus is refused at his costs.