## No. 7975.

WOOD, SLAYBACK & CO. vs. JOHN ROCCHI, NEW ORLEANS INSURANCE ASSOCIATION, GARNISHEE.

*Plaintiffs, with a final judgment against Defendant for more than $1000, seized in the hands of Garnishee property worth only $600. The contest is between Plaintiffs and Garnishee, both claiming a right of priority and preference on the property seized, and the dispute is limited to that property. This Court is without jurisdiction* ratione materiae *and the Appeal is dismissed.*

A PPEAL from the Fourth District Court, parish of Orleans, *Houston, J.*

Kennard, Howe & Prentiss for Plaintiffs and Appellees.

On appeal from a judgment making absolute a rule to traverse the answers of a garnishee, which traverse is limited to the question of right of the garnishee to retain certain stock in its hands, the stock constitutes the *matter in dispute,* and if it is not shown to be worth more than one thousand dollars, the Supreme Court has no jurisdiction.

Alfred Grima, for Garnishee and Appellant.

First—In cases of seizure by garnishment upon a judgment for an appealable amount, the jurisdiction of this Court is tested by the demand of the judgment creditor, where he and the garnishee set up adverse claims against the thing seized.

Second—The Constitutions of 1845, art. 63, of 1852, art. 62, and of 1868, art. 74, did not in words specify cases *where a fund is to be distributed* as falling under its jurisdiction. This Court, under the

rule of said constitutions, maintained its jurisdiction in cases of *concurso*, where the fund was of an appealable amount. The Constitution of 1879, art. 81, in specifying the case of *a fund to be distributed*, confirms the jurisprudence settled under former constitutions in cases of *concurso*.

Third—This case does not present any issue of the ownership of the property seized ; the value of the same is not the test of the jurisdiction of this Court.

## MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs and appellees move to dismiss this appeal taken by the garnishee for the following reasons :

1st. Because we are without jurisdiction *ratione materiæ.*

2d. Because the matter in dispute does not exceed one thousand dollars.

3d. Because the fund and property to be distributed do not equal in value one thousand dollars.

4th. Because the garnishee has not an appealable interest sufficient to give this Court jurisdiction.

The record shows, that plaintiffs, as judgment creditors of the defendant for $2479 80, issued execution on their judgment and obtained garnishment process directed against the New Orleans Insurance Association.

In answer the garnishee denied any indebtedness to defendant, or to have in its possession or control any funds, property, rights, or credits belonging to defendants, but admitted that he was the owner of twenty shares of its capital stock at a par value of $30 each, and finally averred that it was a creditor of defendant for $942 49, to secure the payment of which the company claimed a priority of right on the stock owned by defendant, or on the proceeds of the same.

Plaintiffs traversed the garnishee's answer, moved to strike out its claim for alleged priority on the stock, and for an order directing the sheriff to sell the defendant's stock, and to apply the proceeds to part satisfaction of their judgment.

Judgment was rendered in their favor as prayed for, and the Insurance Company, garnishee, has appealed.

The four grounds urged by appellees for the dismissal of the appeal, amount in reality to only one, to-wit: our want of jurisdiction *ratione materiæ,* because the matter in dispute in the proceeding does not exceed one thousand dollars.

They contend that the amount involved in this appeal is the value

of defendant's stock in the Insurance Company, shown by the garnishee-to be worth only six hundred dollars, an amount which falls far short of our jurisdiction ; that the judgment against defendant has long since become final, and that the amount of such judgment cannot be-made the test of our jurisdiction on this appeal.

Appellant urges that, in their supplemental petition for garnish-ment process, plaintiffs prayed for judgment against the Insurance Company for $2479 80, and that this prayer fixes the character of their action, and is for an amount sufficient to vest this Court with jurisdic-tion. Several authorities are quoted in support of this position, and if such was the actual state of the pleadings, appellant's conclusions-would be irresistible, and his appeal would be maintained.

But the record presents a different issue, for it appears that in their traverse to the answers of the company, plaintiffs did not negative all its statements ; but on the contrary, admitted the truth of its answer, in so far as it showed that the only property which defend-ant had in the company consisted of his twenty shares of stock, valued at $600, and they only denied and moved to strike out that part of the answer in which garnishee, alleging a claim against defendant, urged his right of preference to the proceeds of such stock, in payment-of its debt ; and concluded, in their rule, by praying for an order direct-ing the sale of such stock by the sheriff, and the application of the-proceeds thereof to the satisfaction of their judgment by preference over all other creditors.

They did not pray for a moneyed judgment against the garnishee, or for any other relief, beyond the recognition of their superior privi-lege on the proceeds of the stock.

By resorting to this rule, plaintiffs unequivocally shifted their posi-tion, and clearly abandoned their previous prayer, as set forth in their-supplemental petition. The character and amount of their demand against appellant are therefore to be tested under the relief prayed for-in their rule to traverse garnishee's answer ; and the issue is thus-narrowed down to the struggle between plaintiffs and garnishee for the-control and appropriation of the proceeds to be realized by the sale of defendant's stock in the Insurance Company, and the judgment appealed from did not, and could not, pass or adjudicate upon any other matter.

The pleadings exhibit no contestation between plaintiffs and defend-ant ; all matters of dispute between them having long since been set-tled by the final judgment rendered by this Court on the original demand. We, therefore, conclude that the real and only matter in dis-pute under the pleadings, as they reach us on this appeal, is the value of the stock owned by defendant in the Insurance Company, which stock is shown to be of an amount under our appellate jurisdiction,

and that under no circumstances we can render in this case a judgment for a sum exceeding one thousand dollars. The door, is therefore, closed against us, and the judgment must remain undisturbed.

The authorities quoted by appellant refer to a well established rule of jurisprudence under which the jurisdiction of this Court, in appeals in garnishment proceedings, is to be tested by the amount of plaintiff's claim against his debtor, *and for a like amount over and against the garnishee*. In those cases, the rule was applied where plaintiff coupled with his original suit an attachment in the hands of a third person, and prayed for judgment against both debtor and garnishee in an amount sufficient to vest jurisdiction in the appellate court; or where on execution of a judgment previously obtained against his debtor, plaintiff, in his garnishment process, sought to recover judgment against the garnishee personally in an appealable amount. But such are not the issues presented in this case, when plaintiffs ask for no judgment against their garnishee personally, but seek to recover judgment affecting property of the value of six hundred dollars only. In this case the only contestation is between plaintiffs and garnishee, both claiming preference over a fund to be distributed, and not of an appealable amount; and in such a case the amount of the original demand being no longer contested, cannot be used as the test of our jurisdiction.

It is, therefore, ordered that the appeal herein taken be dismissed at appellant's costs.