No. 3192

Second Circuit

---

MORGAN PLAN CO. v. ATES, ET AL.

---

(February 3, 1928. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Garnishment—Par. 86; Courts—Par. 128.
In garnishment proceedings under an execution, the real demand in contest is the claim of the plaintiff against the defendant and garnishee.

Gustine vs. N. O. Oil Mfg. Co., 13 La. Ann. 510.
Buisson vs. Staats, 9 La. Ann. 236.
Leverich vs. Dulin, 23 La. Ann. 505.

Appeal from the City Court, Alexandria Ward, Rapides Parish. Hon. J. B. Nachman, Judge.

Action by Morgan Plan Co., Inc., against W. C. Ates, et al.

There was judgment for defendant and plaintiff appealed.

Motion to dismiss appeal denied.

F. B. Cappel of Alexandria, attorney for plaintiff, appellant.

B. T. Dawkins, of Alexandria, attorney for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Morgan Plan Company, Inc., obtained judgment against defendant, W. C. Ates, in the City Court, Alexandria Ward, Rapides Parish, Louisiana, on August 26, 1927, for $109.25 with 8% per annum interest thereon from October 1, 1926, until paid, and 10% additional as attorney's fees, and all costs of suit.

Under allegation that the Missouri Pacific Railroad Company was indebted to the defendant, W. C. Ates, in a sum not less than $200.00, plaintiff, Morgan Plan Company, Inc., procured the issuance of a fi. fa. upon its judgment and garnisheed the Missouri Pacific Railroad Company.

In answer to the garnishment the Missouri Pacific Railroad Company admitted that it was indebted to defendant, W. C. Ates, in the sum of $98.70.

Thereupon defendant, W. C. Ates, filed a petition in the suit setting forth that the money seized in the hands of the garnishee was owing to him by it for services ren-

dered by him to it in the capacity of fireman and that under Article 644 of the Constitution and Act No. 184 of 1918 the money was exempt from seizure.

Defendant W. C. Ates further alleged that the seizure was illegal and that in consequence of the seizure he had been damaged in the sum of $75.00 and he reconvened against plaintiff for that amount.

And he prayed that the money garnisheed be declared exempt from seizure and the garnishment released and for judgment against plaintiff on his reconventional demand for the sum of $75.00.

On trial of the garnishment proceedings judgment was rendered declaring the money seized in the hands of the garnishee exempt and dissolving the garnishment and ordering the garnishee to pay over to the defendant the amount in its possession belonging to defendant, and reserving to defendant the right to proceed by independent action against plaintiff, to recover any damages he may have sustained by reason of the garnishment.

From this judgment the plaintiff appealed.

In this Court the defendant filed a motion to dismiss the appeal on the ground the amount in controversy or value involved in the suit is below the minimum jurisdiction of this Court.

### OPINION.

The only question presented for our determination is whether in garnishment proceedings under execution the jurisdiction of the appellate court is to be determined by the amount of the claim of the plaintiff against the defendant and garnishee or by the amount that the garnishee admits having in its possession belonging to the defendant.

In Gustave vs. New Orleans Oil Manufacturing Co., 13 La. Ann. 510, our Supreme Court held, in effect, that:

"The question of jurisdiction must be tested by the demand: in garnishment proceedings, the real demand in contestation is the claim against the debtor, and, for the like amount, over against the garnishee.

"The demand in garnishment is not to take from the garnishee any particular thing, but to discover in his hands something of sufficient value to pay a debt, the amount of which determines the jurisdiction."

This authority, insofar as we have been able to find, has never been questioned or overruled, and it is fully sustained by the decisions in Buisson vs. Staats, 9 La. Ann. 236 and Leverich vs. Dulin, 23 La. Ann. 505.

Under these decisions this Court has jurisdiction of plaintiff's appeal, and the motion to dismiss the appeal for want of jurisdiction rationae materiae must be denied.