**T. A. PITTMAN, Inc., v. CRESCENT CITY PLUMBING & HEATING CO., Inc. (CAL-HOUN & BARNES, Inc., Garnishee).**
**No. 14749.**

Court of Appeal of Louisiana.   Orleans.
Oct. 2, 1933.

Warren V. Miller, of New Orleans, for Calhoun & Barnes, Inc.

Gill & Simon and Warren M. Simon, all of New Orleans, for appellee.

JANVIER, Judge.

This matter comes up on motion to dismiss, for alleged want of jurisdiction, an appeal by a garnishee from a judgment overruling exceptions filed by the garnishee in the district court.

T. A. Pittman, Inc., obtained judgment against Crescent City Plumbing & Heating Company, Inc., and Independence Indemnity Company in the sum of $2,099.56, with interest and attorney's fees.

A writ of fieri facias was issued and interrogatories were propounded to Calhoun & Barnes, Inc., which corporation was made garnishee.

Instead of answering the said interrogatories the said garnishee corporation sought to be dismissed as garnishee on three separate grounds, all of which were presented in an exception. These three grounds were as follows:

(1) That there is nonjoinder of parties defendant.

(2) That there is nonjoinder of parties garnishee.

(3) That same (the petitions for garnishment) set forth no right or cause of action.

When these exceptions were overruled the garnishee prayed for and obtained an order of appeal, both suspensive and devolutive, returnable to this court.

T. A. Pittman, Inc., plaintiff in execution, now seeks the dismissal of these appeals, contending that the amount in dispute exceeds $2,000, which is the maximum jurisdictional limit of this court except in cases involving workmen's compensation or personal injuries.

Calhoun & Barnes, Inc., since there was nothing in the garnishment proceedings to show the value of the property in their hands as garnishees, filed, in connection with the petition for appeal, an affidavit in which it was stated that "the amount in controversy will be less than the sum of $2,000.00."

Under section 29 of article 7 of the Constitution of 1921, our jurisdiction is limited to matters "of which the Supreme Court is not given jurisdiction." Therefore, since, under section 10 of article 7 of the said Constitution, the Supreme Court is given jurisdiction "in civil suits where the amount in dispute * * * shall exceed two thousand dollars,"

it is evident that we are without right to consider this controversy if the amount in dispute exceeds $2,000.

Appellant maintains that it is not the amount claimed in the principal suit, but that it is only that fund or property which is in the hands of the garnishee which establishes jurisdiction.

Our attention is directed to several cases which, appellant asserts, support this view. These cases are Wood, Slayback & Co. v. Rocchi, 32 La. Ann. 1120; Meyer, Weiss & Co. v. Logan, et al., 33 La. Ann. 1055; Bier v. Gautier & Godchaux, 35 La. Ann. 206, and State ex rel. Mackenzie v. Judges of Court of Appeals, 39 La. Ann. 508, 2 So. 68, 69. But a reading of those decisions shows that in each case the controversy was between the seizing creditor and the garnishee concerning the asserted prior claim of the garnishee in the fund in the hands of the garnishee.

For instance, in Meyer, Weiss & Co. v. Logan, supra, the third person, in whose possession was found the property sought to be seized, brought proceedings to "enjoin the seizure, claiming superior rights upon said property."

In Bier v. Gautier & Godchaux, supra, "the matter in dispute between the plaintiff and garnishee was the existence, validity and effect of the latter's pledge * * * on property. * * *"

In Wood, Slayback & Co. v. Rocchi, supra, the garnishee "claimed a priority of right on the stock owned by defendant."

State ex rel. Mackenzie v. Judges of Court of Appeals, supra, does not support the view of appellant, but, on the contrary, announces a doctrine exactly opposite, as we shall hereafter show.

The law of this state with reference to jurisdiction in a matter of this kind is well settled by such decisions as Morgan Plan Co. v. Ates, et al., 8 La. App. 18, Buisson v. Staats, 9 La. Ann. 236, and Leverich v. Dulin, 23 La. Ann. 505, in the last of which cases the Supreme Court, in the syllabus, said:

"In garnishment suits, the jurisdiction is attested by the original demand. If, therefore, the claim against the debtor is above five hundred dollars, the Supreme Court will have jurisdiction of the appeal from a judgment in the garnishment process."

In State ex rel. Mackenzie v. Judges of Court of Appeals, supra, motion was made to dismiss the appeal taken to the district court from a judgment of the justice of the peace. In attempting to maintain the jurisdiction of the district court, the appellant asserted that the amount of the property seized determined the jurisdiction and not the amount of the original claim. The Supreme Court, when that matter was presented to it, said:

" * * * Relator also contends that the test of jurisdiction is in the value of the

property seized, which is shown to exceed the sum of $500. That argument is also erroneous."

Appellant maintains that since, attached to its petition for appeal is an affidavit showing that the amount involved in the garnishment proceeding is less than $2,000, that fact must be conceded, and that, as a result, the jurisdiction of this court must be maintained.

It is true that it has been held that where the record fails to show the amount in controversy proof of jurisdiction may be made by affidavit. Waters Pierce Oil Co. v. Town of New Iberia, 47 La. Ann. 863, 17 So. 343. However, here the record shows the amount in dispute and the judgment itself shows that that amount is in excess of $2,000.

Garnishee corporation did not assert any prior claim to such property. It merely contested the right of plaintiff to proceed by garnishment process. Its exceptions were overruled, and the appeal should have been to the Supreme Court.

However, under Act No. 19 of 1912, where an appeal, which should have gone to the Supreme Court, is, through error, taken to this court, we are authorized to transfer it to the correct court.

It is therefore ordered, adjudged, and decreed that this appeal be, and it is, transferred to the Supreme Court of Louisiana, to be disposed of according to law; the transfer to be made within 60 days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed, defendant and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.

Appeal transferred to Supreme Court.