ODOM, Justice.
 

 Plaintiff obtained judgment against these defendants for an amount exceeding $2,000. Under a writ of fieri facias, certain property belonging to one of them, Aurelia S. Hart, was seized, advertised, sold, and purchased by plaintiff; the price bid being $3,643.98.
 

 The property was incumbered with a special mortgage which equalled the amount of plaintiff’s bid, and it retained in its hands the entire amount to satisfy the special mortgage. There was therefore nothing to credit on the writ. But the sheriff erroneously returned the writ “fully satisfied.” Subsequently, plaintiff procured the issuance of an alias writ of fieri facias, and by garnishment process seized a claim amounting to $1,138.12, due by a third person to Aurelia 8. Hart, one of plaintiff’s judgment debtors. Miss Hart “intervened” in the garnishment proceeding, asking that the seizure of the debt due her by the third party be quashed on the ground that the alias writ of fieri facias under which the seizure was made was “illegally issued and is null and void.”
 

 Miss Hart’s contention is set out in paragraph 4 of her so-called petition of “intervention and third opposition” in the garnishment proceeding as follows:
 

 “That this is the second writ of Fieri Facias issued under the judgment obtained in the above numbered and entitled cause and that upon the original writ issued on said judgment, the Sheriff made his return, after showing that the property seized under said judgment sold for Thirty-six Hundred, Forty-three, and 98/100 ($3643.98) Dollars, he declared that said writ had been fully executed as ordered and fully satisfied.”
 

 Plaintiff, the seizing creditor, answered the so-called intervention, admitting the facts alleged, but averred that the return made by the sheriff on the original writ showing that it was fully satisfied, was erroneous and that its rights could not be and were not affected by said erroneous return. It prayed that the sheriff be cited and brought into the proceeding and that he be ordered to amend and correct his return on the original writ so as to conform to the facts.
 

 There were various pleadings and exceptions filed which need not be mentioned here. It suffices to say that there was judgment in favor of the seizing creditor, ordering the sheriff to amend and correct his return on the original writ and maintaining the garnishment. From this judgment the judgment debtor, Miss Hart, appealed. '
 

 The appellee has moved to dismiss the appeal on the alleged ground that this court has
 
 *1055
 
 no jurisdiction ratione materias; the amount involved being less than $2,000. Counsel’s theory is that the amount involved is $1,138.-12; that being the 'amount seized in the garnishment proceeding. Counsel is in error. There is no controversy between the seizing creditor and the third party. The controversy is between plaintiff, the judgment creditor, and Miss Hart, the judgment debtor, and the sole issue between them is whether the alias writ of fieri facias is valid or, stated in different language, the sole issue is whether, under the circumstances, the plaintiff has the right to demand any further sum under its judgment.
 

 Whether plaintiff has that right is not involved in this motion to dismiss the appeal. The pertinent fact presently involved is that plaintiff.is, by this proceeding, attempting to execute its judgment, which admittedly exceeds $2,000. The judgment debtor is attempting to prevent the execution of the judgment. Counsel for appellee in his brief in support of his motion to dismiss the appeal says that the question before the court is whether plaintiff is entitled to recover $1,138.-12 from the garnishee. He is mistaken. The question is whether the judgment creditor is entitled to collect any sum at all. The judgment debtor contests plaintiff’s right to do so, claiming that a further proceeding under the judgment should be'quashed.
 

 That being the issue, the test of jurisdiction is the amount of the judgment and not the amount or value of the property seized in the garnishment proceeding, which is but a means of collecting a judgment the amount of which exceeds $2,000.
 

 The identical question was before this court in Leverich v. Dulin et al., 23 La. Ann. 505, where it was held that “in suits by garnishment the amount in contestation is the claim against the debtor and garnishee. The question Of jurisdiction is tested by the demand of the petitioner.”
 

 In Gustine v. New Orleans Mfg. Co., 13 La. Ann. 510, cited in the Leverich Case, supra, a creditor whose judgment amounted to only $204 seized under garnishment proceedings property valued at $1,315. The garnishee denied plaintiff’s right to have the property seized delivered up to the sheriff, but was ordered to do so by the court. The garnishee appealed, and, on motion of the appellee, the appeal was dismissed on the ground that “the real demand in contestation” was the amount claimed by plaintiff, which was below the court’s jurisdiction, and not the value of the property seized.
 

 In State ex rel. Elder v. Judge, 30 La. Ann. 229, it was held that, in matters relating to the execution of judgments, the question of jurisdiction of the Supreme Court is determined by the amount of the judgment and not by the value of the property seized, citing the Gustine Case, supra.
 

 In Lhote & Co. v. Church Extension Society, 115 La. 487, 39 So. 502, 503, the court said:
 

 “Where the judgment debtor enjoins an execution, the issue is as to the validity of the judgment, and the test of the jurisdiction ratione materise is the amount of the judgment, because that is the amount involved.”
 

 The principle involved in the Lhote Case is the same as the one here. In that case the
 
 *1057
 
 judgment debtor enjoined the execution of the judgment Here there is no injunction, but the judgment debtor, by a different method, contests the seizing creditor’s right to execute the judgment.
 

 If the garnishee in this case had contested the seizing creditor’s right to seize in his hands the amount alleged to be due by him to Miss Hart, the case would be different, for then the amount seized and not the amount of the judgment would be the amount involved or in contest. But that is not the case. The issue is between the judgment creditor and the judgment debtor.
 

 The motion to dismiss the appeal is denied.
 

 O’NIELL, C. J., absent.