**HUNT v. CHISHOLM (CENTRAL SAV. BANK & TRUST CO., Garnishee).**

No. 5612.

Court of Appeal of Louisiana. Second Circuit.

June 1, 1938.

James H. Trousdale, Jr., of Monroe, for appellant.

W. Decker Moore, Hudson, Potts, Bernstein & Snellings, and McHenry, Lamkin & Titche, all of Monroe, for appellee.

DREW, Judge.

Plaintiff secured a judgment for $3000 for injuries received in an automobile accident against Henry M. Chisholm. A devolutive appeal was taken from said judgment to this court.

Plaintiff issued a writ of fieri facias, coupled with a writ of garnishment, against the Central Savings Bank & Trust Company, of Monroe, Louisiana. In answer to the interrogatories propounded, the garnishee answered that it had no funds in its possession belonging to the defendant. Plaintiff filed a rule to traverse, which was tried, and the original answers of the garnishee sustained as true. The judgment was signed and filed. At this stage of the proceedings, plaintiff filed a rule on Mrs. Ola H. Chisholm to show cause why certain funds in the garnishee bank, subject only to her check, should not be declared to be the property of the defendant and subject to plaintiff's lien and garnishment, and prayed that the garnishee bank be ordered to pay unto plaintiff the amount in the bank subject only to Mrs. Ola H. Chisholm's checks.

To this rule Mrs. Chisholm filed exceptions of no cause or right of action, misjoinder of parties and a plea of res judicata. All of said exceptions were sustained by the lower court. Plaintiff has perfected an appeal from the judgment on the rule to traverse, as well as on the rule to show cause.

We are of the opinion we have no jurisdiction in this proceeding and that jurisdiction is in the Supreme Court. Plaintiff is attempting to execute a judgment for $3000. In doing so, he garnisheed the bank which answered that it had no funds belonging to the judgment debtor, and plaintiff filed a rule to traverse its answers.

No third person has come in claiming any funds seized by plaintiff. We are therefore of the opinion that the cases of Bacher v. Krauss et al., 179 La. 675, 154 So. 733, and Louisiana Western Lumber Company v. Stanford, 178 La. 1052, 152 So. 755, are controlling, and that the amount of the judgment attempted to be collected is what governs the jurisdiction and not the amount attempted to be seized.

We therefore transfer the case to the Supreme Court and appellant is allowed sixty (60) days from the date this judgment becomes final within which to properly lodge the record there.