State ex rel. Crean et al. vs. Bouny, Tax Collector, et al.

## No. 8028.

STATE OF LOUISIANA EX REL. MARY W. CREAN ET AL. VS. P. L. BOUNY, STATE TAX COLLECTOR, ET AL.

The Appeal in this case is dismissed for want of jurisdiction in this Court, because it is impossible to show in the premises, that the appealable interest of any of the Appellants individually or of all of them collectively, can be affected by the decision of the cause in an amount exceeding one thousand dollars.

APPEAL from the Civil District Court, parish of Orleans. *Houston, J.*

R. H. Marr for plaintiffs and Appellants.

First—The Act No. 93, of 1880, is in violation of the Constitution, Articles 29, 44, 48, 56.

Second—Taxpayers and creditors have the right to invoke the unconstitutionality of an act when the carrying out of its provisions injures them pecuniarily.

Third—Where suit is brought to prevent the doing of an illegal act by officers of the State, they alone are necessary parties defendant.

J. C. Egan, Attorney General, for Defendants and Appellees.

First—There are no defendants or proper parties before the Court.

Second—The Court is without authority to grant an injunction in a case where there are not proper parties.

Third—Of two constructions, that must be adopted which will render the statute constitutional, even though it be not the most obvious ; provided that violence is not done to the language and terms of the act ; and if a statute is capable of a construction which will make it constitutional, this construction will and must be adopted.

Fourth—This Court has no jurisdiction in cases involving an amount less than one thousand dollars.

Fifth—A particular individual cannot sue for a grievance which affects the entire public as well as himself.

Mott & Kelly on same side.

First—The Court is without jurisdiction, because it cannot be made to appear from anything in the record that the amount in controversy exceeds one thousand dollars.

Second—If the suit be considered one to distribute a fund, the Court is without jurisdiction, because the distributees are not parties.

Third—If the matter in dispute be considered the use of claims to the amount of $267,412.31, in payment of licenses and taxes due the State, the Court is without jurisdiction for want of proper parties,

neither the State nor the holders of any of said claims being parties to this suit.

Fourth—If this is a suit against the defendants individually, the Court is without jurisdiction, because the defendants are without individual interests in the controversy.

Fifth—The suit is, in reality, a suit against the defendants in their official characters, and substantially a suit against the State of Louisiana, which this Court is without jurisdiction to entertain.

### MOTION TO DISMISS APPEAL.

The opinion of the Court was delivered by

LEVY, J.  Appellees move to dismiss the appeal in this case, on the following grounds :

1st.  That there is no averment, in the petition for injunction, that the amount in dispute, as to all or any of the petitioners, exceeds the sum of one thousand dollars.

2nd.  That, as no community of title is averred between any two or more of the plaintiffs in the petition, it should, in order to give the Court jurisdiction, appear affirmatively, as it does not, that the amount in dispute, as to each individual appellant, exceeds one thousand dollars.

3d.  That it appears from the whole tenor of the petition and the averments therein, that the only pecuniary interest which petitioners, individually or collectively, can have in the dispute in this proceeding is limited to the pecuniary loss or damage they may respectively suffer in consequence of the receipt by the State, in settlement of taxes due prior to January 1st, 1880, of the certificates issued under Act 93 of 1880 ; and there are no facts averred or data afforded by the petition from which, as elements of calculation, this Court could, by any process of computation, determine that the amount in dispute, as to any or all of the relators, exceeds one thousand dollars ; or that any or all of the relators would suffer loss or damage to that amount, or any other definite amount ; and that such being the case, the averment in the petition of appeal, that the amount in dispute exceeds one thousand dollars, not being deducible from or consistent with the facts averred in the original petition, does not suffice to confer jurisdiction on this Court.

4th.  That all the respondents being State officers, and proceeded against herein in their official characters, are without any pecuniary interest, and there is no amount whatever in dispute between them and the petitioners, or any of them, these officers being the only parties made defendants.

The suit was instituted by Mary W. Crean, Bertrand Saloy, Joseph Bayle and Henry J. Rivet, in which they pray for an injunction inhibit-

ing the defendants, Tax Collectors, State Auditor and State Treasurer, each in his official capacity, from receiving or permitting to be used in payment of taxes or licenses due the State of Louisiana, any claim or claims approved under Act No. 93 of 1880 ; and that the said Act No. 93 be declared to be unconstitutional, of no effect and void. This prayer is based upon the allegations in the petition, averring : that one of the petitioners, Mary W. Crean, is the holder of twenty-eight Auditor's warrants, aggregating in amount one thousand and four dollars and ninety-one cents, issued in accordance with and by the authority of Act No. 126, of 1880 ; that under the provisions and requirements of said Act No. 126, they are made payable out of certain taxes and licenses due the State of Louisiana prior to the 1st of January, 1880, and collected subsequent to that day ; that these warrants are convertible into certificates, in sums of five, ten, twenty and fifty dollars, at the option of the holders, and when so converted are made receivable for all taxes and licenses due the State subsequent to January 1st, 1879, and prior to January 1st, 1880, except taxes due the interest and levee funds ; and that said certificates, after certain requirements of the Act No. 126 are complied with, shall be receivable for all taxes and licenses due the State prior to January 1st, 1879, and all costs, etc., therein, except taxes due the interest and levee funds ; that the remission of costs and penalties on delinquent taxes and licenses, and the right of redemption of forfeited property, were conditional and dependent on the payment of the principal of such delinquent taxes prior to the 1st of January, 1881 ; that Act No. 93, of 1880, authorized the receipt of the claims, approved under the provisions of this last mentioned act, in payment of any taxes and licenses due the State prior to the 1st of January, 1880. They further aver the unconstitutionality of the Act No. 93 on various grounds, fully set forth in the petition, and that $267,412.31 of claims under said act have been approved, and that said approved claims have been put upon the market and are being used and have been received in payment of taxes and licenses due the State prior to 1st of January, 1880 ; that the greater part, if not the whole, of these approved claims, have passed out of the possession and control of the persons in whose favor they were approved and issued, and petitioners have no means of ascertaining who are their holders and owners ; that each and all of the petitioners are citizens of the State of Louisiana, taxpayers, and owners of property in the city of New Orleans, subject to taxation and actually taxed by the State of Louisiana—Mary W. Crean owning such property of the value of at least $1000, Bertrand Saloy of $135,000, Joseph Bayle of $10,000, and Henry J. Rivet of $8000 ; that as citizens, owners of taxable property and taxpayers, they are each and all of them interested in seeing that no part of the revenues of the State shall be applied to other than valid legal obligations of the

State, and that the full amount of the taxes and licenses due the State shall be paid into the treasury, either in money or in valid legal obligations of the State, which she is bound to pay out of the taxes and licenses ; that the effect of Act No. 93 will be to diminish the amount which the State will realize from taxes and licenses, and the capacity of the State to pay its pre-existing and unquestioned indebtedness ; that the use of the claims approved under Act 93, in payment of taxes and licenses, will increase the existing excess of expenditures over receipts and add to the burdens of the tax payers, by making it necessary to raise a corresponding amount by taxation, and thus irreparable injury will be done to these petitioners.    The petitioner, Mary W. Crean, alleges that, in addition to the interest which she has as a taxpayer, citizen and property owner, she is also the holder of the warrants above mentioned, amounting to $1004.91, which are receivable in payment of taxes due subsequent to January 1st, 1879, and prior to January 1st, 1880, and that the receipt of the claims under Act 93 interfere with and diminish her rights to be paid out of the fund provided by Act No. 126, and her rights are and will be seriously impaired by means of the illegal issue and receipt of said claims thus coming into competition with her.

We have stated fully the reasons urged and grounds relied upon by the petitioners as being necessary to a full and proper comprehension of their claims and for the solution of the question of the right of appeal herein.    The Constitution, Art. 81, declares, that " the Supreme Court  *  *  *  shall have appellate jurisdiction only, which jurisdiction shall extend to all cases when the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed one thousand dollars, exclusive of interest." In this case does the *matter in dispute* exceed one thousand dollars ?    The petitioner, Mrs. Crean, avers her ownership of warrants over that amount ; that, under an act, which she charges to be unconstitutional, certificates to a large amount, viz : upwards of $267,000 have been illegally issued and are made receivable in payment of certain taxes and licenses, and out of the fund arising from such taxes and licenses, her warrants are made payable by law.    It may or not occur that her warrants may be depreciated, or indeed entirely annihilated in value, by the receipt of the alleged invalid certificates issued under Act No. 93.    This is a matter which is susceptible of proof, and, *non constat*, that the loss to which she may be subjected for the reasons averred in the petition may be determined by proof and by a certain process of computation.    We do not think it necessary to pass upon the extent of the interest of the other petitioners in the decision of this motion.    The question of the constitutionality of Act No. 93, under which certificates to the amount of $267,412.31 have been issued and made receivable for taxes and licenses

·out of which the petitioner, Crean, claims her warrants, are entitled to be paid, is directly presented to us, and we think the record discloses such interest in her as vests us with jurisdiction of this appeal.

The motion to dismiss at this stage is denied; but if on the trial on the merits an appealable interest should not be proven, we shall exercise the right of dismissal.

## ON THE MERITS.

POCHÉ, J. When we disposed of the motion made to dismiss this. appeal, we expressly reserved our right to sustain that motion, "if on the trial of the merits an appealable interest should not be proven."

In view of the public interest involved in the decision of the alleged. unconstitutionality of an important legislative enactment, regulating· matters of vast, legal and pecuniary interest to the State, we had hoped that a hearing of the cause on its merits would develop that the matter· in dispute between the parties to this suit did exceed one thousand dollars.

. But after hearing the oral argument of counsel on both sides, and carefully considering their able briefs submitted on this point, we are· reluctantly constrained to recognize that we are deprived of jurisdiction of the cause. With the exception of suits for divorce and separation from bed and board, and of cases involving the legality or constitutionality of any tax, toll, or impost, or of any fine, forfeiture, or penalty imposed by a municipal corporation, our civil appellate jurisdiction must be tested by the pecuniary amount involved in the controversy,. as between the parties thereto. The magnitude of public interest awakened by the peculiar litigation, the importance of the legal questions involved, added to the dire consequences to flow from the execution of an alleged unconstitutional act of the Legislature, cannot alone be· invoked as the test of our jurisdiction in any given case, and cannot be· strained so as to clothe the judicial department of the State with the power to interfere with, or arrest, the execution of the acts of the legislative department. To justify such an interference, which in proper cases is clearly sanctioned by the Constitution in all republican govern-· ments, the jurisdiction of the tribunal appealed to must appear unequivocally under some of the modes provided for in the organic law, in default of which courts must decline their aid or interference.

Under such a test it is impossible to demonstrate in this case that· the appealable interest of any of these appellants individually, or of all of them collectively, can be affected by the decision of the cause in an amount exceeding one thousand dollars.

It must be conceded that the defendants, State officers, whose offi-

State ex rel. Crean et al. vs. Bouny, Tax Collector, et al.

·cial acts alone can be affected, shaped or regulated by the decree, have no direct or personal pecuniary interest in contestation. And it appears ·to us equally clear that no judgment can be rendered under these pleadings which could involve a gain or a loss, exceeding one thousand dollars, to any or all of the plaintiffs in this case.

If, as alleged, under the operation of Act 93 of 1880, the State as-.sumes an indebtedness of $267,000, in violation of constitutional prohibitions, no attempt has been made by appellants to show, and we earnestly believe that no system of calculation can successfully demonstrate, how much of that sum each, or all of them, could be made to ·contribute as taxpayers ; nor has it been shown what loss would thereby be visited on Mary W. Crean, as a creditor of the State, by the conser quent depreciation of her twenty-eight warrants. It has not been even ·pretended that appellants could claim a direct interest, or any share in, or out of the $267,000, as in the case of a fund to be distributed. For obvious reasons, but principally by having failed to make parties to ·this suit, the holders of the certificates making up that amount, plaintiffs would be precluded from asserting this as a test of our jurisdiction.

Viewed in every possible feature, the question is subject to but one ·solution, and that points to the denial of our jurisdiction.

It is, therefore, ordered that this appeal be dismissed at appellants' ·costs.