THOMAS N. BARHAM v. A. LIVINGSTON.—TATUM & BARHAM v. A. LIV-INGSTON.—Consolidated Cases.

*The appellee is entitled to three judicial days in which to move a dismissal of the appeal, unless he waives that right by some action on his part. Filing an answer to the merits, without tendering a motion to dismiss, would import such a waiver, but the act of the court, ex propria motu, setting down the cause for trial, could not deprive the party of a legal right.*

*The Clerk's certificate, which states that the record contains a full transcript of all the documents filed, all the proceedings had, and all the evidence adduced on the trial, as on file and of record in his office, is insufficient.*

*It is imperative on this court to grant to the appellant who claims it an order to postpone the trial, that the Clerk may have an opportunity to amend his certificate, if he can truthfully do so.*

THE record in this case is missing. The Reporter is unable to give the name of the Judge by whom the case was tried, and the names of the lawyers who appeared in it.

SPOFFORD, J. The appellee has moved to dismiss this appeal, because the transcript is not certified by the Clerk in legal form.

The appellant objects to the motion being considered, on the ground that it was filed too late.

The record was filed in this court on the 16th July, and the motion to dismiss on the 18th July.

The 16th July was the first judicial day of the term, and on that day all causes then on file were set down for trial on the next day, without any application from parties to fix them. It does not appear whether the present record was on file at the time the order of court was made, or was filed later in the day.

However this may be, the appellee was entitled to three judicial days in which to move a dismissal of the appeal, unless he waived that right by some action on his part. Filing an answer to the merits, or going to trial on the merits, without tendering a motion to dismiss, would import such a waiver. But the act of the court, *ex propria motu*, setting down the cause for trial, could not deprive the party of a legal right. See *Gwin* v. *Clack*, 12 L. 480.

The motion must then be considered.

The Clerk's certificate states that the record contains a full, true and complete transcript of all the documents filed, all the proceedings had, and all the evidence adduced on the trial *as on file and of record* in his office.

*Non constat* from this certificate that there were not proceedings had and evidence adduced on the trial which were not on file and of record in the office at the date of the Clerk's certificate.

Similar certificates have been held bad in numerous instances. *Carpenter* v. *Reynolds*, 3 An. 592; 6 L. 166, 303; *Vacien's Widow* v. *Hiers of Payne*, 12 L. 538. In the latter case, the court ordered the cause to be postponed, under the Article 898 of the Code of Practice, that the Clerk might have an opportunity to amend his certificate, if he could truthfully do so. The Act of 20th March, 1839, makes it imperative upon us to grant such an indulgence to the appellant, who claims it. The privilege is insisted upon in this case.

It is, therefore, ordered, that the trial of the cause be postponed, and that the appellant have leave to perfect the record, if it can be done, until the next term of this court.