### No. 6561.

### John A. Stevenson et al. vs. D. A. Weber et al.

The action to annul a judgment must be brought before the court which rendered it. Jurisdiction can not be given to a district court, by aggregating a number of co-plaintiffs, or co-defendants, where the sum claimed by, or demanded of, each, is less than five hundred dollars.

A district court can not enjoin the execution of a judgment rendered by a parish court.

The action to annul a judgment is prescribed in one year from the date of the judgment.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Hewes, J.*

*W. W. Leake* and *Wickliffe & Fisher,* for plaintiffs and appellants.

*S. J. Powell* and *Kennard, Howe & Prentiss,* for defendants.

The opinion of the court was delivered by

SPENCER, J. The facts of this case are as follows:

Picard & Weil, Stephen C. Sterling, the succession of W. D. Winter, deceased, and Samuel J. Powell each held the outstanding scrip of the parish of West Feliciana. They respectively instituted several suits against the parish, and after a protracted contest obtained judgments fixing the amount of indebtedness, and also ordering the assessment and collection of parish taxes to pay them under act No. 69 of 1869.

Two of these suits, to wit: No. 2496, C. J. Howell, for use, etc., and No. 2523, L. P. Day, for use, etc., being for amounts exceeding five hundred dollars, were instituted in the district court; and judgments were rendered in favor of plaintiffs.

All the remaining suits being for amounts less than five hundred dollars were instituted in the parish court. In that court there was judgment in each case in favor of the parish, and plaintiffs appealed to the district court. All the judgments of the parish court were reversed by the district court on appeal, and judgments rendered in favor of plaintiffs and their execution ordered under act No. 69 of 1869.

The demand in suit No. 2496—Howell, for use, etc.—was for his commissions as tax collector for collecting parish taxes for 1871. The demand in No. 2523—Day, for use, etc.—was for building a bridge under a special ordinance of the police jury in 1871. The demands in the other suits were for sheriff's fees in criminal cases, coroner's fees, jurors' fees, parish attorney's salaries, criminal expenses, expenses of the police jury, etc., being the *current* expenses of the parish in part of the years 1868 to 1872.

The parish of West Feliciana had by special ordinance of long standing required that all claims for its current expenses should be presented to the parish auditor; that they should be receipted by the creditor, and the auditor should issue his warrants on the treasury therefor.

In issuing these warrants (which it seems were payable to order or bearer) the auditor frequently, for convenience of holders, when the claims were larger, subdivided the debt, and therefore several warrants were predicated upon the same claim or account, and these warrants

being transferable, became scattered in different hands, several persons holding-warrants resting on the same claim.

It seems that in "Sterling vs. West Feliciana," 26 An. 59, this court held that no action wou d lie on these warrants, because the parish was without authority to issue negotiable paper, the court intimating on a rehearing that the parish might be sued on the original claims upon which these warrants were based and issued. Under the view we have taken of this case we are not called upon to pass upon these conclusions of our predecessors; but we see no good reason why a parish, if it honestly owes a debt, may not give an acknowledgment of it. True, this acknowledgment or warrant, even if negotiable in form, would not be commercial paper, or protected by the rules applicable to such paper, but it certainly would, if issued by authority of the parish for a just debt, be *prima facie* evidence of an obligation, and such as would sustain an action.

The said creditors, taking the hint thrown out by this court, brought against the parish twenty-seven suits—Picard & Weil brought five suits, two in the district court and three in the parish court· Powell brought' two in the parish court; Sterling brought ten suits in the parish court; Mrs. Winter, administratrix, brought ten suits in the parish court. The plaintiffs declared on the original claims or debts, filing the warrants issued therein, and alleging the repudiation of the warrants by the parish.

These suits seem to have been vigorously and thoroughly defended in both courts, and there seems now to be no question as to the justness of the claims as debts of the parish. The twenty-five suits instituted in the parish court were decided against the plaintiffs therein, who appealed to the district court. The district court reversed the judgments of the parish court in all the cases and gave judgments for the plaintiffs, as it did also in the two cases originally brought therein. The court directed the assessment and collection of taxes to pay these judgments, according to act 69 of 1869. The defendants sought to appeal from these decisions in the parish-court cases, but it was refused. The only ground upon which such appeal could have been asked was that the tax imposed was illegal or unconstitutional. We are not called upon to say whether the appeal would in such case lie from the district court, as the parties made no effort to enforce their right, if they had any, by application to this court. These twenty-seven judgments became final, neither the parish nor the taxpayers who are plaintiffs in the suit at bar appealing therefrom.

The board of assessors designated in the judgments proceeded to assess taxes to pay them in conformity to the decrees, and in their estimates they added nearly seventy-five per cent to the amount of the debt,

to cover anticipated delinquencies. This was clearly illegal and excessive. They had no such right or power under the law.

· These taxes, amounting to twenty and a half mills on the dollar, having been thus assessed, the collector proceeded to collect them, giving notices that unless paid he would seize and sell, etc.

Thereupon several hundred taxpayers, whose names are set out in the petition, brought this suit in the district court enjoining the collection of the taxes so levied in execution of said judgments. They allege that they own several hundred thousand dollars of taxable property in ' said parish, and that their taxes under said judgments exceed five hundred dollars. They join all the said creditors as defendants in the suit, and pray that said judgments and the proceedings thereunder in execution of them be declared null and void for many reasons which it is not necessary to state.

The defendants plead the following peremptory exceptions:

First—That the district court was without jurisdiction *ratione materiæ.*

Second—That the judgments attacked were *res adjudicata.*

Third—Prescription of one year.

So far as relates to the twenty-five suits brought in the parish court, it is manifest that an action to annul them can not be brought in the district court, for two reasons: First, because actions of nullity of judgments must be brought before the courts that rendered them. C. P. 608, 609. Secondly, because the amount of each judgment attacked is less than five hundred dollars. The plaintiffs can not give jurisdiction to the district court by aggregating their own interests on one side and opposing them to the interests of sundry persons holding distinct rights aggregated on the other side. Nor can an injunction be taken in the district court to prevent the execution of a judgment of the parish court. The assessment and collection of the taxes under the judgments of the parish court were only acts done in execution, and the injunction to restrain it must be taken out in the parish court. 23 An. 329. We tnink the exorbitant assessments good ground for injunction, but we can not grant relief in this action so far as relates to the parish-court cases.

So far as the action of nullity is directed against the judgments rendered in the suits (No. 2496 and No. 2523) brought in the district court, we think the plea of prescription of one year must prevail. The judgment in the first-numbered case was rendered on the twentieth of November, 1873, and in the latter on the twenty-first of June, 1874. This suit was brought and filed on the twenty-second of November, 1875—more than one year after said dates. But the plaintiffs are entitled to relief against the assessments to pay these two judgments, and the injunction should be perpetuated as to them, and the said assessment set aside and avoided.

It is therefore ordered, adjudged, and decreed by the court that the judgment appealed from be avoided and set aside, and it is now ordered and decreed that plaintiffs' suit, so far as it demands the nullity of the judgments rendered in suits brought before the parish court be dismissed and their injunction to the same extent set aside, reserving the plaintiffs' rights to proceed in the parish court, according to law, and that plaintiffs pay costs of both courts so far as relates to these parish court cases.

It is further ordered and decreed that plaintiffs' demand, so far as it relates to the nullity of the said two judgments in suits brought before the district court, be rejected; that the assessment of taxes under said two judgments be annulled and avoided, and that the board of assessors levy a new assessment according to law, at a rate per cent sufficient to pay said judgments; and that plaintiffs' injunction as to the existing assessment for said two judgments be perpetuated; that Picard & Weil, plaintiffs in said two suits, pay costs of this suit as to those in the lower court, and plaintiffs those of this appeal.