(58 South. 849.)

No. 18,968.

BLOCH & LEVY v. LAMBERT.

LAMBERT v. BLOCH & LEVY.

(May 20, 1912.)

*(Syllabus by the Court.)*

COURTS (§ 224*)—JURISDICTION — JURISDICTIONAL AMOUNT.

As the suit of the plaintiff was for $1,058.43, and the suit of defendant against plaintiff for a sum less than $2,000, the mere fact that the suits were consolidated did not vest this court with jurisdiction of the consolidated suits, as each was below the jurisdictional limit of this court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608–618; Dec. Dig. § 224.*]

Appeal from Twenty-First Judicial District Court, Parish of Iberville; C. K. Schwing, Judge.

Action by Bloch & Levy against F. M. Lambert and by F. M. Lambert against Bloch & Levy. The two suits were consolidated, and judgment rendered for Bloch & Levy, and defendant appeals. Case transferred to Circuit Court of Appeal.

Albert L. Grace, for appellant. P. G. Borron, for appellee.

BREAUX, C. J. Bloch & Levy owned a merchandise store at White Castle.

Lambert is a brickmaker. In the spring of 1907, Bloch & Levy entered into an agreement with Lambert.

We are informed by plaintiffs' brief that on the trial deductions were made by plaintiff in a spirit of compromise and other deductions were made to correct errors.

The following is the statement of plaintiffs, made the basis of the suit of the firm:

First. Open account of merchandise $ 873 18
Second. Rental of brickyard........ 100 00
Third. Brick sold from kiln, walls which were to be replaced......... 187 00
Fourth. Cost of walls, taken down, to be rebuilt under agreement..... 150 00
Fifth. Coal and wood used by Lambert from the brickyard.......... 146 25

Total ........................... $1,456 43
Less certain credits................ 398 50

Balance against Lambert.......... $1,057 93

Plaintiff through learned counsel informs us that the following were the items in dispute on the trial of the case:

First. Amount of coal charged to the brickyard account and used in the manufacture of brick.

Second. Interest charged by Bloch & Levy for advances to the brickyard.

Third. Taxes paid on the plant by Bloch & Levy.

Fourth. Rent paid by Bloch & Levy, and charged to brick account.

Fifth. Insurance paid on plant.

Sixth. Labor charges.

Seventh. Wood sold and used.

Eighth. Incidentals charged to the brick-yard account.

Ninth. Fee of $10 paid to Judge Talbert for legal advice and charged to brickyard account.

Tenth. House rent paid for Landry, an employé of the brickyard, as part of salary.

Eleventh. Advances made to Landry by Bloch & Levy and charged to brickyard account.

Twelfth. A rebate allowed a Mr. Russe by Bloch & Levy on a sale of bricks.

Thirteenth. Amount due by Bloch & Levy to Douglass & Lambert.

We are further informed that there was no further dispute between plaintiff and defendant or material difference as to the aggregate proceeds realized from the sale of bricks and as to the profits made from the sale of coal, and we are told by plaintiff that these two items may be eliminated. There are other items in this dispute which received our attention.

Defendant on the other hand brought a separate suit and sued for over $2,000 for items he claims as due him, growing out of the same cause of action.

The defendant filed an exception and an answer and also sued plaintiffs for the sum of $2,168.53 as due him.

The two suits were consolidated by order of the court on the motion of counsel for Bloch & Levy. The case was tried. The judge of the district court rendered judgment in favor of Bloch & Levy for $423.93, with recognition of a vendor's lien and privilege for $6.87.

The defendant appealed. Plaintiff has not asked for an amendment of the judgment on appeal.

Plaintiffs and defendant limited the amount each claims as due. We have noted:

Plaintiffs sued defendant for a balance of $1,058.43, and defendant about the same time sued plaintiffs. The consolidation could not affect the right of appeal. The defendant admitted in his pleadings an indebtedness to plaintiff of over $800, reducing his claim to less than $2,000. With the allegation before us, it cannot be considered that the amount is over the minimum jurisdiction of this court.

For reasons stated, the court declines to take jurisdiction and transfers the case and the appeal to the Circuit Court of Appeal in and for the Parish of Iberville (as authorized by Act 56 of 1904) to proceed with the same in the same manner as if the cause had originally been appealed to that Court of Appeal, provided that, before the transfer is made, the appellant or his attorney of record shall make oath that his appeal was not made for the purpose of delay.