O’NIELL, J.
This is a summary proceeding instituted by the owner of a certain building in New Orleans, to evict a tenant or sublessee of a portion of the premises. The suit was dismissed on an exception to the summary proceeding, and the plaintiff has appealed.
The defendant has filed two motions to dismiss the appeal. The one based upon the alleged insufficiency of the appeal bond cannot be entertained, because it was filed later than three days after the return day. If it had been filed within the three days, it would be unavailing now because it was waived by the appellee’s answer to the appeal, in which he prayed that the judgment be affirmed.
In his second motion, however, the appellee moves to dismiss the appeal on the ground that the amount involved, or the matter in contest, is below the jurisdiction of this court. This cause for dismissing an appeal may be suggested at any time and may even be noticed by the court without any suggestion from the appellee. His answer to the appeal did not waive his right to have it dismissed for want of jurisdiction, because he could not, by his acquiescence or consent, confer jurisdiction ratione materise. The expression in Holbrook v. Holbrook, 32 La. Ann. 15, to the effect that a motion to dismiss an appeal for a cause for which we might dismiss the appeal ex proprio motu cannot be considered unless filed within three days after the return day, cannot be construed to mean that, if the appellee acquiesces in an appeal, we must consider and decide the case even though we have no appellate jurisdiction.
[1, 2] This is not an ordinary suit by petition and citation. It is an ejectment process, based upon the provisions of Act No. 313 of 1908, instituted by mere motion, on which the defendant was ordered' to show cause within four days why he should not vacate the premises occupied by him.
The allegations of the plaintiff’s motion, which may be considered pertinent to the question of jurisdiction, are: That the plaintiff purchased the premises from the Whitney-Central Trust & Savings Bank on the 22d of July, 1914; that, before the purchase, the Jackson Brewing Company had held the premises under a lease and had subleased the same to one Charles Schutten for the 40 months commencing on the 1st of June, 1911, and ending on the last day of September, 1914, at the monthly rental of $450; that, in his sublease, Schutten had bound himself not to sublet the premises or any part thereof without the written consent of the lessor; that, nevertheless, mover (plaintiff) was informed, and therefore alleged, that Charles Schutten had subleased a part of the premises, that is, the third floor and half of the second floor, to William L. *475 Poer at the monthly rental of $80, from the 1st of October, 1911, to the last day of September, 1914; that this sublease to Poer was made without the consent of the Jackson Brewing Company, or of the former owners of the property, or of the mover (plaintiff); that the sublease to Poer had expired; that there was no renewal of the sublease to Schutten, nor of the sublease to Poér; that, although, in his sublease, Poen had waived the notice to vacate, the mover (plaintiff) served a written notice upon him to vacate, on the 23d of September, 1914, that is, more than 10 days before 'filing the suit, which notice was disobeyed and disregarded by the defendant.
In his answer, which was filed with the various exceptions, and has not been heard, the defendant contends that his lessor, Schutten, continues to occupy that portion of the premises not occupied by him (defendant), and that, under the terms of his contract with Schutten, he (defendant) has the right to occupy that part of the premises leased by him as long as Schutten continues to occupy the remaining portion of the premises. He alleges that while Schutten continues to occupy the premises, reconduction takes place in his (defendant’s) behalf under his sublease of a portion of the premises.
The issue presented by 'these pleadings is not within our appellate jurisdiction. The plaintiff has not proceeded against the lessee, Schutten, but only against the sublessee, Poer, on an alleged contract of lease at the monthly rental of $80. It is alleged in the plaintiff’s motion that the contract of sublease under which Poer occupies a portion of the premises has expired; hence there is no unexpired term to be considered. In suits by landlords to eject tenants, the jurisdiction of the courts is determined by the amount of the monthly or yearly rental. R. S. 2156; Lauga v. Baradat, 127 La. 542, 53 South. 856. The amount of even the yearly rental in this case is below our ¡¡urisdiction.
[3] The Act No. 19 of 1912 gives us the right to transfer this case to the Court of Appeal, if that court has appellate jurisdiction ; but the statute does not compel us to transfer the appeal. Article 143 of the Constitution provides that the First city court shall have exclusive original jurisdiction of suits by landlords for possession of leased premises when the monthly or yearly rent, or the rent for the unexpired term of the lease, does not exceed $100. While we are not now called upon to decide the question, we have some doubt that the court which dismissed this suit had jurisdiction to decide it. We have concluded not to transfer the case to the Court of Appeal. ■
For the reasons assigned, the appeal is dismissed, at the cost of the appellant.