O’NIELL, J.
Six landowners, each owning a separate tract in which the others had no interest, brought this suit for damages alleged to have been suffered by them, respectively. The complaint or cause of action is that the defendant diverted the waste water from an artesian well belonging to the municipality into a drainage canal or ditch running through the plaintiff’s land, and flooded and injured their crops of strawberries. Each of the plaintiffs prayed for a separate judgment, the amounts varying in proportion to the area of their lands, viz.: George Alessi prayed for judgment for $312.50; Dominic Alessi, for $312.50; Teodoro Cipresso, for $250; Rosario Polinna, for $250; Tony Di Maggio, for $500; and Mrs. John Sirehia, for $625. The plaintiffs prayed jointly that the town be perpetually enjoined and prohibited from permitting the water from the town well to flow into the drainage canal or ditch running through their several properties. They did not ask for a preliminary writ of injunction; nor did they allege what damage might be prevented, or that any amount of loss would be saved, by a judgment enjoining the defendant in the matter complained of.
Before answering, the defendant filed an exception of misjoinder of parties plaintiff. The exception was overruled, and the plaintiff reserved a bill of exceptions to the ruling.
After trial of the case on its merits, judgment was rendered in favor of the plaintiffs, perpetually enjoining and prohibiting the defendant from permitting the water from the town well to flow into the drainage ditch or canal running through the plaintiff’s lands. Judgment was also rendered in favor of each plaintiff for a separate sum of money, “for damages, actual and punitive,” as follows, viz.: In favor of George Alessi for $150; in favor of Dominic Alessi for $150; in favor of Teodoro Cipresso for $120; in favor of Rosario Polinna for $120; and in favor of Mrs. John Sirehia for $300.. Legal interest was allowed on each judgment from its date. The defendant prosecutes this appeal.
[1] The learned counsel for the appellant did not argue the 'exception of misjoinder in this court, either orally or in their brief. They say that they submit the matter without argument or citation of authority. Our consideration of the exception brings up the question of jurisdiction of this court. The question of the plaintiffs’ right to cumulate their actions in the district court was not so important to that court as it is with us, because the district court had juridiction of the original demands, whether they were cumulated or not; whereas we have mot jurisdiction of any of the original demands unless they be regarded as one demand.
The total sum of the six separate judgments, exclusive of interest and costs, is only $840; and that includes punitive damages, which cannot be allowed in any civil suit. See Vincent v. M. L. & T. R. R. & S. S. Co., 140 La. 1027, 74 South. 541. The plaintiffs have not answered the appeal, or prayed for an increase in the amount of any of the judgments. On the contrary, they virtually admit in their brief that their original demands were inflated. They say that, although they felt that they were damaged to a greater extent than the amounts allowed by the district judge, they have abided by his carefully considered and earnest judgment. Therefore, as far as the defendant is concerned, and as far as all of the plaintiffs together are concerned, the amount in contest, exclusive of interest and costs, is only $840. But that is not the most important *341 -aspect of the case, in considering the question of jurisdiction of this court.
Although the cause of action of each of the plaintiffs arose from the same alleged quasi offense on the part of the defendant, each one of the plaintiffs had a separate demand, or right of action, and had no interest whatever in the demand or right of action of any of the others. They alleged in their petition that they had no connection with one another, except that they were companions in misfortune, hut that they joined in •one suit, to avoid a multiplicity of suits, because there was one cause of action in favor of each of them, against a common defendant. That allegation was only a manifestation of the fact that each plaintiff had a separate and distinct claim or right of action against the defendant. And the amount of each claim was far below the appellate jurisdiction of this court. The question then is: Could they, by consenting to cumulate their demands, bring them within the appellate jurisdiction of this court? Surely, if each separate claim had been for an amount below the original jurisdiction of the district court, the plaintiffs could not have given that court jurisdiction, by consenting to cumulate their demands, even though their cause of action arose from one and the same alleged quasi offense on the part of the defendant. And it seems equally plain that the plaintiffs did not, and could not, give this court jurisdiction of the several claims of which- we had no jurisdiction, by consenting to cumulate their demands. See Bazoni v. Marcera, 18 La. Ann. 136; Broadwell v. Smith et al., 28 La. Ann. 172; Stevenson v. Weber, 29 La. Ann. 108; Larrieux v. Crescent City L. S. & S. H. Co., 30 La. Ann. 609; La. Western R. R. Co. v. Hopkins et al., 38 La. Ann. 806; Tague v. Royal Insurance Co., 38 La. Ann. 457; Harrison & Harrison v. Moss & Co., 41 La. Ann. 239, 6 South. 528; Southern Timber & Land Co. v. Wartell, 109 La. 456, 33 South. 559, and decisions there cited. Our conclusion is that this court has not jurisdiction of the case.
[2] Inasmuch as the bringing of the appeal to this court was due to the cumulation of the demands of the plaintiffs, we will, under authority of Act No. 229 of 1910, p. 388, and pursuant to the ruling in Ham v. Louisiana & N. W. Railroad Co., 136 La. 1083, 68 South. 133, impose the costs of the present appeal upon the plaintiffs.
It is ordered that this case be transferred to the Court of Appeal for the Hirst Circuit, parish of Tangipahoa. The plaintiffs, appellees, are to pay the costs of the appeal to this court; all other costs to await the final judgment.
LECHE, J., takes no part.