(77 South. 287)

No. 22367.

LANDRY et al. v. GONZALES et al.

(Dec. 7, 1917.)

*(Syllabus by the Court.)*

1. COURTS ☞224(6) — APPELLATE JURISDICTION — LOUISIANA SUPREME COURT — AMOUNT.

When the record in a suit involving only the question of constitutionality of a statute, under authority of which one of the parties to the suit was appointed to public office, does not disclose that the salary or emoluments of the office in contest exceeds $2,000, and the district court has decreed that the statute is constitutional, the Supreme Court has not jurisdiction of the case. Neither does the importance of the office in contest nor the amount of funds to be administered affect the question of jurisdiction.

2. COURTS ☞483 — TRANSFER OF CAUSE — STATUTE.

Act No. 19 of 1912, p. 25, permits, but does not compel, the Supreme Court to transfer a case to the Court of Appeal, instead of dismissing the appeal, when it appears that this court is without jurisdiction, even though the court should be of opinion that the Court of Appeal has jurisdiction of the case.

Appeal from Twenty-Seventh Judicial District Court, Parish of Ascension; Charles T. Wortham, Judge.

Action by C. H. Landry and others against Joseph Gonzales and others. Judgment for defendants, and plaintiffs appeal. On rehearing, judgment heretofore rendered annulled and set aside, and appeal dismissed.

Pugh & Lemann, of Donaldsonville, for appellants. Caleb Cushing Weber, of Donaldsonville, for appellees.

O'NIELL, J. Although the appellees did not question our jurisdiction in this case, it was observed, pending the appellants' application for rehearing, that it was very doubtful whether this court had jurisdiction. A rehearing was granted, therefore, on our own motion, to determine the question of appellate jurisdiction.

The amount of the salary or emoluments

of the office of the police jurors whose right to the office is contested does not determine the question of appellate jurisdiction in this case. In fact, there is no allegation nor proof of salary or emoluments.

The only allegation in the petition purporting to fix or determine the appellate jurisdiction of the controversy is:

"That the questions involved in this litigation affect the validity of all acts of the corporate body, the police jury, of the parish of Ascension, and the value of the issues involved is over $2,000."

[1] Whether the money value involved exceeds $2,000 is determined, not from the mere allegation that it does, but from the nature of the case, as disclosed by the pleadings and the proof. The only question submitted for decision in this case is whether the statute under which the defendants were appointed police jurors (Act No. 190 of 1916) is constitutional or unconstitutional. Although this court has jurisdiction of any case in which a law has been declared unconstitutional, regardless of the value of the matter in dispute, we have not jurisdiction of a case in which a law has been declared constitutional, unless the value in dispute, or the fund to be distributed, exceeds $2,000. The allegation that the matter in dispute in this case exceeds $2,000 is not borne out by the evidence.

It was decided in State ex rel. Broussard, District Attorney, v. Dallas et al., 116 La. 489, 40 South. 847, a suit between contestants for a public office without salary or pecuniary perquisite, that the importance of the office or the amount of public funds to be administered could not be considered in determining the question of appellate jurisdiction. That decision, in effect, overruled the doctrine of the case relied upon by the appellants. State ex rel. Denis v. Shakespeare, 43 La. Ann. 92, 8 South. 893. The ruling in Broussard's Case was affirmed in Heitkamp et al. v. Lancaster, District Attorney, 118 La.

24, 42 South. 583. And the question of appellate jurisdiction in a case very similar to this was again considered and disposed of adversely to the appellants' contention in State ex rel. Rogers v. Parsons, District Attorney, 120 La. 263, 45 South. 125. A review of the jurisprudence in that case disclosed that there were decisions to the effect that the importance of a public office in contest, or the amount of public funds to be administered by the official, might confer jurisdiction of the appeal upon this court. Hence it was found necessary either to affirm or reject the doctrine of those decisions; and the doctrine was then expressly overruled. The ruling in City of Gretna v. Bailey, Secretary of State, 140 La. 363, 72 South. 996, cited by the learned counsel for the appellants, is not at all appropriate to this case.

[2] Our conclusion is that this court is without jurisdiction in the premises. The only remaining question is whether the appeal should be dismissed or transferred to the Court of Appeal. Act No. 19 of 1912, p. 25, gives us the right, but does not compel us, to transfer a case to the Court of Appeal if we conclude that that court has jurisdiction. See Lafayette Realty Co. v. Poer, 136 La. 472, 67 South. 335. The decision in Bloomfield v. Thompson, 134 La. 923, 64 South. 853, cited by the learned counsel for appellants, has no application to the question under consideration, except in so far as it maintains: (1) That the granting of a rehearing, although limited to the question of jurisdiction, pending the appellants' application for rehearing, which is yet pending, prevented the judgment rendered herein by this court from becoming final; and (2) that, having no jurisdiction of this controversy, our only function in the premises is to announce that fact and dismiss the appeal. Without expressing an opinion, therefore, on the question whether the Court of Appeal might have entertained jurisdiction of this case if the appeal had been taken to that court, we have concluded to dismiss the appeal.

The judgment heretofore rendered by this court is annulled and set aside, and the appeal is dismissed at appellants' cost.

LECHE, J., takes no part.