MONROE, O. J.
This purports to be a suit in which the corporation named in the title complains that the defendant is holding herself out to be the Grand Matron of its chapter, whereas Mary P. Reed it is alleged was elected to that position at a regular annual session of the corporation, held at Baton Rouge on June 19 and 21, 1917, and has continued to discharge its functions. It is alleged that, if defendant be not restrained from so holding herself out, it will cause plaintiff irreparable injury, confuse its members as to their rights, duties, and obligations, and bring discredit on the organization.
The prayer is that a “writ of injunction be issued, temporarily, until hearing, restraining the said Ella McRobinson from holding herself out, or in any way or manner assuming to act as, or exercise the rights, power, or duties of, Grand Matron of Grand Chapter of the order of the Eastern Star of the State of Louisiana,” and that, after hearing, the injunction be perpetuated; also that defendant’s husband be .cited to authorize her to stand in judgment.
There is no prayer for any further relief:
Defendant was ordered to show cause why the injunction should not be issued, and, after hearing, certain exceptions interposed by her were maintained, the rule nisi dismissed, and the injunction refused, and from that judgment plaintiff has appealed.
We find neither in the petition nor elsewhere in the record anything upon which it would be possible to predicate an idea of pecuniary value as involved in this proceeding, and, upon the averment that there is none, defendant has moved to dismiss the appeal for lack of jurisdiction in this court. The motion must prevail. Lafayette Realty Co. v. Poer, 136 La. 472, 67 South. 335; Harmony Club v. Gaslight Co., 42 La. Ann. 453, 7 South. 538; State ex rel. Crean v. Bouny, 32 La. Ann. 1187; Buddig v. Baldwin, 38 La. Ann. 395.
The appeal is dismissed at the cost of the appellant.