BRUNOT, J.
 

 There are six plaintiffs in this suit, viz.: Noe Hotard, Chas. Darensbourg, Ernest Vieknair, John Wilson, Morris Perilloux, and John Hall. Each plaintiff is the owner of a separate tract of land, and the defendant owns land situated immediately in the rear of plaintiffs’ properties. The suit is for damages to the plaintiffs resulting from an alleged breach of contract by the defendant to keep open and to properly maintain a certain described ditch or canal which served to drain the plaintiffs’ properties. The total sum claimed is $2,395.25, and the prayer of the petition is for that sum, to be apportioned in the judgment to the respective plaintiffs as follows: Noe Hotard, Charles Darensbourg, Ernest Vieknair, and John Wilson, $450 to each; to Morris Perilloux, $300; and to John Hall; $250.
 

 Defendant excepted to the petition as not disclosing a cause or right of action. The exception was sustained, the suit dismissed, and plaintiffs appealed from that judgment. Defendant moved this court to dismiss the appeal, and in answer to the motion to dismiss, plaintiffs pray in the alternative that if this court is without jurisdiction the case be transferred to the Court of Appeal.
 

 Section 10 of article 7 of the Constitution of 1921 provides that this court shall have appellate jurisdiction in all civil suits where the amount in dispute, or the fund to be distributed, shall exceed $2,000 exclusive of interest, except those for physical injuries or for the death of a person or those brought under the state or federal Workmen’s Compensation Law.
 

 This suit cannot be differentiated from the case of Alessi et al. • v. Town of Independence, 76 So. 792, 142 La.‘ 338.
 

 In this case the cause of action of each plaintiff grew out of the same alleged quasi offense on the part of the defendant. Each plaintiff has a separate and distinct right of action in which none of his coplaintiffs have the slightest interest. Plaintiffs have cumulated their demands in a single suit against a common defendant, and the sum claimed by each plaintiff is far below our appellate jurisdiction. In the Alessi Case this court said:
 

 “The question then is: Could they, by consenting to cumulate their demands, bring them within the appellate jurisdiction of this court? Surely, if each separate claim had been for an amount below the original jurisdiction of the district court, the plaintiffs could not have given that court jurisdiction, by consenting to cumulate their demands, even though their cause of action arose from one and the same alleged quasi offense on the part of the defendant. And it seems equally plain that the plaintiffs did not, and could not, give this court jurisdiction of the several claims of which we had no jurisdiction by consenting to cumulate their demands. See Bazoni v. Marcera, 18 La. Ann. 136; Broadwell v. Smith, et al., 28 La. Ann. 172; Stevenson v. Weber, 29 La. Ann. 108; Larrieux v. Crescent City L. S. & S. H. Co., 30 La. Ann. 609; La. Western R. R. Co. v. Hopkins et al., 33 La. Ann. 806; Tague v. Royal Insurance Co., 38 La. Ann. 457; Harrison & Harrison v. Moss & Co., 6 So. 528, 41 La. Ann. 239; Southern Timber & Land Co. v. Wartell, 33 So. 559, 109 La. 456, and decisions there cited. Our conclusion is that this court has not jurisdiction of the case.”
 

 We adhere to the ruling in Alessi et al. v. Town of .Independence, and it is therefore ordered that this case be transferred to the Court of Appeal, Parish of Orleans.