154 So. 733

BACHER v. KRAUSS et al. (WHITNEY TRUST & SAVINGS BANK et al., Garnishees).

No. 32319.

April 23, 1934.

Walter G. Wedig, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for garnishees.

ODOM, Justice.

Plaintiff, who is a judgment creditor of Leopold Krauss in a sum exceeding $10,000, seized by garnishment under fieri facias four negotiable bonds in the hands of the Whitney Trust & Savings Bank; the bonds being the property of said Leopold Krauss. The bonds had been placed in the bank by Leon Heyman, who was also made a party garnishee. The bank answered that the bonds had been placed in its hands by Heyman, who claimed that he held them in pledge. Heyman answered, admitting that the bonds belonged to Krauss, but alleged that he held them in pledge for a debt due him by Krauss, and asked that his right of pledge be recognized. Plaintiff traversed the answers of both the bank and Heyman and ruled them to show cause why their answers should not be set aside and the bonds turned over to the sheriff. On hearing, the trial judge dismissed the rules at plaintiff's costs. He appealed.

There is no controversy between the judgment creditor and the judgment debtor involved in this litigation. Plaintiff's right to seize by garnishment process or otherwise all property of the plaintiff's judgment debtor is conceded. The bonds seized in the hands of the bank are admittedly the property of the plaintiff's judgment debtor, Krauss. But Heyman, one of the garnishees, claims that the bonds had been pledged to him by Krauss as security for a debt, and that he (Heyman) had placed them in the bank as pledgee. Heyman sets up the plea that the bonds are not subject to seizure and sale by plaintiff to the prejudice of his rights as pledgee. Plaintiff contends that the bonds were never pledged to Heyman by Krauss.

So the only contest is between the seizing creditor and Heyman and the questions involved are, first, whether the bonds were pledged to Heyman by Krauss; and, second, if they were, whether they may be seized and sold free of the pledge.

■■ It developed on trial of the case that, while the bonds had a par value of $4,000, their actual value at the time did not exceed $600. The amount involved is therefore $600 or less, which is far below our minimum jurisdiction.

Plaintiff's judgment against Krauss is for $10,000. But where a judgment creditor, in pursuit of his debtor, seizes by garnishment process or otherwise property in the hands of or claimed by a third person, and such third person sets up ownership of the property seized or rights against it superior to those of the seizing creditor, the amount involved is the value of the property seized and not the amount of the judgment. Louisiana Western Lbr. Co. v. Stanford et. al., 178 La. 1052, 152 So. 755; Tremont Lbr. Co. v. Talbot, 140 La. 887, 74 So. 183 (on rehearing); Cousin v. St. Tammany Bank, 146 La. 393, 83 So. 685; Lhote & Co. v. Church Extension Society, 115 La. 487, 39 So. 502, and the cases there cited.

Where, however, the contest is between the judgment creditor and the judgment debtor, the amount in contest is the amount of the judgment or debt and not the value of the property seized. See cases cited in Lhote & Co. v. Church, etc., supra.

Want of jurisdiction ratione materiæ in this court clearly appears.

■■■ It is suggested that we dismiss the appeal instead of transferring the case to the Court of Appeal, as we may do under Act No. 19 of 1912. This act gives us the right but does not compel us to transfer a case to the Court of Appeal if we find that we have no jurisdiction. Lafayette Realty Co. v. Poer, 136 La. 472, 67 So. 335, 336; Landry et al. v. Gonzales et al., 142 La. 577, 77 So. 287, 288; Grand Chapter Eastern Star v. McRobinson, 147 La. 64, 84 So. 495. In these cases we dismissed the appeals instead of transferring the cases. But ordinarily we transfer the cases instead of dismissing the appeals, especially when there is no doubt of the appellate jurisdiction of the Court of Appeal.

The above-cited cases are somewhat out of the ordinary. In the Lafayette Case, the court said there was doubt whether "the court which dismissed this suit had jurisdiction to decide it." In the Landry Case, the court said, "Without expressing an opinion, therefore, on the question whether the Court of Appeal might have entertained jurisdiction of this case if the appeal had been taken to that court, we have concluded to dismiss the appeal." In the Eastern Star Case, there was nothing in the petition or elsewhere in the record to indicate the pecuniary value involved, and the appeal was dismissed.

In the case at bar, the Court of Appeal unquestionably has appellate jurisdiction. The appeal having been taken to the wrong court, it is ordered that the case be transferred to the Court of Appeal, parish of Orleans, provided that the appellant shall file the record in that court within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed.

ST. PAUL, J., absent.