ROGERS, Justice.
 

 Dr. A. B. Jannarelli appeals from a judgment awarding $300 as damages to Mrs. Sadie Vogt, wife of Otto Vogt. The suit was brought jointly by Mrs. Sadie Vogt and her husband, Otto Vogt, to recover $3,000 damages from Dr. A. B. Jannarelli and Anna Newman. Plaintiffs’ claim is predicated on defendants’ alleged unlawful invasion of their rights as occupants and lessees of a certain apartment in a building owned by Dr. Jannarelli and operated by him in association with his co-defendant, Anna Newman.
 

 In our examination of the pleadings, our attention has been attracted to the fact that we have no jurisdiction of this appeal. The sum of $3,000, claimed as damages by plaintiffs, is made up of two separate amounts, viz., $1,750 for damages suffered by Mrs. Sadie Vogt and $1,250 for damages suffered by Otto Vogt.
 

 In cases in which the jurisdiction of this Court is to be determined by the amount in dispute, that amount must exceed $2,000, exclusive of interest to vest it with jurisdiction. Const, art. 7, § 10. Since the amount of damages claimed by Mrs. Sadie Vogt, plaintiff and appellee, is less than $2,000, it is obvious that this Court has no jurisdiction of the amount in dispute.
 

 As this Court has no jurisdiction of this appeal, we must decline to entertain it, even though no motion to dismiss has been made. Under the provisions of Act 19 of 1912, we are authorized to transfer the appeal to the proper Court rather than to dismiss it. Baker v. Duson, 192 La. 391, 188 So. 40. However, .it has been suggested that we should dismiss the appeal instead of transferring the case. Landry v. Gonzales, 142 La. 577, 578, 77 So. 287, is cited in support of the suggestion. It is true that under the provisions of Act 19 of 1912, this Court is not compelled to transfer cases to the Court of Appeal if we find that we have no jurisdiction, but ordinarily we exercise our right to transfer the case instead of dismissing the appeal, especially when there is no doubt of the appellate jurisdiction of the Court of Appeal. We so held in Bacher v. Krauss, 179 La. 675, 154 So. 733. In that case, Landry v. Gonzales, together with other cases, was considered and hot followed.
 

 The Court of Appeal is clearly vested with appellate jurisdiction in this case, and we think that we should exercise our right to transfer the case in order that the Court of Appeal may proceed with it in the same manner as if the appeal had been originally taken to that Court.
 

 For the reasons assigned, this case is ordered transferred to the Court of Appeal for the Parish of Orleans, provided that the appellant shall file the record in
 
 *282
 
 that' Court within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed. The appellant is to pay the costs of the appeal to this Court; all other costs are to .await the final disposition of the case.
 

 O’NIELL, C. J., does not take part.