14 So.2d 611

STATE ex rel. NUNEZ v. BAYNARD,
State Auditor, et al.

STATE ex rel. McBRIDE v. SAME.
No. 37118.

June 21, 1943.

Eugene Stanley, Atty. Gen., and W. D. Goff, First Asst. Atty. Gen., for appellants.

L. H. Perez, of New Orleans, Bruce Nunez, of St. Bernard, and Rudolph M. McBride, of Pointe a la Hache, for appellee.

O'NIELL, Chief Justice.

These two cases were filed separately but by consent of the parties were consolidated for the purpose of the trial in the district court. The suits are exactly alike, except that one was instituted by Bruce Nunez, who is the assistant district attorney in and for the Parish of St. Bernard, in the Twenty-fifth Judicial District, and the other suit was instituted by Rudolph M. McBride, who is the assistant district attorney in and for the Parish of Plaquemines, in the same judicial district. The parishes of St. Bernard and Plaquemines compose the Twenty-fifth Judicial District. In each suit the relator sought by mandamus to compel the State Auditor and the State Treasurer to honor the relator's warrants for his salary at $62.50 per month for the total sum of $1,500 for the biennium beginning on July 1, 1942. In each suit the defendants pleaded that the Governor had vetoed the appropriation of $1,500 for the salary of each of the relators for the biennium commencing on July 1, 1942. In each suit the relator pleaded that the Governor's veto of that part of Item 4 in the general appropriation bill, Act No. 266 of 1942, page 857, was, for certain reasons stated in the relator's petition, violative of certain provisions in the Constitution. The district judge, after a trial of the suits jointly, gave judgment for the relator in each suit, making the writ of mandamus peremptory, directing the defendants to honor the relator's warrants, and adjudging the Governor's veto of that part of Item 4 of the appropriation bill, appropriating $1,500 for the salary of each of the relators for the biennium commencing on July 1, 1942, violative of the Constitution and therefore null. The defendants appealed from each judgment separately.

The clerk of court in making up the transcript of appeal bound the copy of the record in both cases in one volume. The clerk of this court therefore filed the record under one number, 37,118, on the docket of this court. For that reason, and also because the amount in dispute in each suit is less than $2,000—being only $1,500—the relators have filed a motion to dismiss the appeal. The defendants have filed an opposition to the motion to dismiss the appeal, and have filed a certificate of the clerk of the district court, showing that the two cases, numbered, respectively, 19,549 and 19,550 of the docket of the district court, were, by agreement of the attorneys, consolidated for the purpose of the trial, with the understanding that a separate judgment would be rendered in each case. The clerk of court certifies that it was the custom of his office in making up transcripts of appeal in cases that were consolidated for the purpose of the trial to make only one transcript, with a proper separation of the record in each case, for the convenience of the court; and

the clerk certifies that his following of the custom in this case was not under instruction or with the knowledge of the attorneys for the appellants, but was merely in pursuance of the custom of the clerk's office and on the responsibility of the deputy clerk who made up the transcript.

If the fact alone that the transcript of the record in the consolidated cases was brought here under one cover were the only ground on which the appellees ask for a dismissal of the appeal we would not be apt to dismiss it. The records in the two cases, under the one cover, are properly separated by a heavy sheet of blue paper. In that respect the deputy clerk who made up the transcript got his idea from Section 7 of Rule I, under the rubric Preparation of Transcripts, in the Rules of the Supreme Court, 191 La. xxxviii, providing that when the record of another suit is introduced in evidence it shall be embodied in the same transcript with the record in the principal suit, but shall be separated from that record "by colored leaves or paper covers" to distinguish the record in one suit from the record in the other. In this case the petition and all other pleadings in the suit brought by McBride, numbered 19,550, are exact copies, respectively, of the petition and all other pleadings in the suit brought by Nunez, numbered 19,549, except, of course, that in the one case the relator's name is Nunez and in the other case the name is McBride. Only one note of evidence was made for both cases. Only one written opinion was rendered by the district judge in both cases. The two judgments are exactly alike except that in the caption of one of them the relator's name is Bruce Nunez and the docket number is 19,549, and in the caption of the other judgment the name of the relator is Rudolph M. McBride and the docket number is 19,550. The issues in the two cases are exactly the same. There is nothing in the written opinion rendered by the judge of the district court that is not applicable as well to one of the suits as to the other; and it would be impossible for this court to render an opinion in either of the cases that would not be as appropriate to one case as to the other.

However, the embodying of the two transcripts in one cover, and the filing of the two appeals under one docket number in this court, is a matter of no importance, because the amount involved in each case is less than $2,000, and therefore the appeals will be transferred to the Court of Appeal for the First Circuit; which court alone has appellate jurisdiction in each case. It is conceded in the petition of the relators and is admitted in the answer of the defendants—and it is a fact—that the amount in dispute in each of these cases is only $1,-500; that is the total amount of the appropriation for the salary of each one of the relators for the period of two years commencing on July 1, 1942. The only test for determining the appellate jurisdiction in these cases is the amount of money in contest. It is suggested by counsel for the appellants in their opposition to the motion to dismiss the appeals that the judge of the district court "held that part of Act No. 266 of 1942 whereby the Governor vetoed certain items of the appropriation bill unconstitutional, null and void." Hence it is ar-

gued for the appellants that the court has jurisdiction over these appeals under the provision in Section 10 of Article VII of the Constitution that this court shall have appellate jurisdiction in any case where an act of the legislature is declared unconstitutional. In this case it was not an act of the legislature, or any provision in an act of the legislature, that was declared unconstitutional; on the contrary, it was the Governor's veto of a provision in the act of the legislature that was declared unconstitutional. That fact does not confer upon this court appellate jurisdiction over a case in which the amount in dispute is less than $2,000.

■ The consolidation of the two cases for the purpose of the trial does not confer upon this court jurisdiction over either case in which the court would not otherwise have jurisdiction,—notwithstanding the amount in dispute in the consolidated cases is twice the amount in dispute in each case, and is more than $2,000. The consolidation of two or more cases for the purpose of trying them together, as one case, does not affect the question of jurisdiction of the court, so far as it is determined by the amount in dispute. In such cases the jurisdiction of the court is determined not by the total amount in dispute in both or all of the cases, but by the amount in dispute in each case, so far as the jurisdiction over each case is concerned. Bazoni v. Marcera, 18 La.Ann. 136; Broadwell v. Smith et al., 28 La.Ann. 172; Stevenson v. Weber, 29 La.Ann. 105; Larrieux v. Crescent City L.S. & S.H. Co., 30 La.Ann. 609; Louisiana Western R.R. Co. v. Hopkins et al., 33 La.Ann. 806; Tague v.

Royal Insurance Co., 38 La.Ann. 456; Harrison & Harrison v. Moss & Co., 41 La.Ann. 239, 6 So. 528; Southern Timber & Land Co. v. Wartell, 109 La. 453, 33 So. 559; Sewerage & Water Board v. Thelen et al., 117 La. 923, 42 So. 426; Bloch & Levy v. Lambert, 130 La. 977, 58 So. 849; Alessi et al. v. Town of Independence, 142 La. 338, 76 So. 792; Hotard et al. v. Perilloux, 160 La. 752, 107 So. 515; Vogt et al. v. Jannarelli et al., 195 La. 277, 196 So. 346.

In the case of Vogt et al. v. Jannarelli et al., 195 La. 277, 196 So. 346, where a married couple brought only one suit for $3,000 damages, the husband claiming $1,250 and the wife claiming $1,750, it was held that the cumulating of the two claims by the husband and wife did not affect the matter of appellate jurisdiction; hence the case was transferred to the court of appeal, because the amount claimed by each plaintiff was less than $2,000, notwithstanding the amount claimed by both of them exceeded $2,000.

■ In the present case counsel for the appellees point out that Act. No. 19 of 1912 declares "that in any case otherwise properly brought up on appeal to the Supreme Court, or to any of the Courts of Appeal throughout the State, the Judges of said Courts shall have the right, in cases where the appellant or appellants shall have appealed to the wrong Court, to transfer said case to the proper Court instead of dismissing the appeal," et cetera. It is argued that the appeals in this instance should not be transferred to the Court of Appeal for the First Circuit, but should be dismissed, on the ground that the case was not "otherwise

properly brought up on appeal to the Supreme Court". The argument has reference to the fact that the transcript of the record in both cases is bound in one and the same volume, instead of being bound in separate volumes. If we should concede for the sake of argument that that method of bringing up the record to this court was an error, and that the error would be of itself a sufficient cause for dismissing the appeals if this court otherwise had appellate jurisdiction over the two cases, the error certainly would not be a cause for refusing to transfer the cases to the court of appeal instead of dismissing the appeals. And the reason for this is the provision in Section 27 of Article VII of the Constitution, "All cases on appeal to the Courts of Appeal shall be tried on the original record, pleadings and evidence." For that reason the transcript of appeal which was made up for the purpose of the appeal to the supreme court will be of no use.

■ Counsel for the appellees argue in their motion to dismiss the appeals that Act No. 19 of 1912 does not compel us to transfer these cases to the court of appeal, instead of dismissing the appeals, and they contend that as a general rule we dismiss an appeal rather than transfer it to the court of appeal when we find that that court has appellate jurisdiction over the case. There have been cases in which this court has dismissed the appeal instead of transferring it to the court of appeal when it has appeared that this court did not have jurisdiction by reason of the amount in dispute. For example, see Lafayette Realty Co. v. Poer, 136 La. 472, 67 So. 335; Landry v. Gonzales,

142 La. 577, 77 So. 287, 288; Grand Chapter Eastern Star v. McRobinson, 147 La. 64, 84 So. 495. But in the case of Bacher v. Krauss, 179 La. 675, 154 So. 733, 734, it was observed that the cases which we have just cited were "somewhat out of the ordinary." For example, in the Lafayette Realty Co. case this court expressed doubt that the court which had dismissed the suit had jurisdiction to decide it. In the Landry case the court expressed a doubt that the court of appeal had jurisdiction. And in the Eastern Star case it appeared that there was no financial interest involved, the suit being one for an injunction to prevent the defendant from continuing to hold herself out as grand matron of the chapter of an order which was the plaintiff in the suit. In the present case there is no reason why we should not follow the general rule and transfer these appeals to the court of appeal, instead of dismissing the appeals.

■ It is contended finally by counsel for appellees that the appellants, by bringing up the appeals nine days before the return day, without notice to the appellees, deprived them of an opportunity to answer the appeals within three days after the filing of the transcript, and that, for the same reason the appellees will be deprived of their rights in that respect if the appeals are transferred to the court of appeal instead of being dismissed. The so-called return day in an order granting an appeal means the last day on which the transcript may be lodged in the appellate court, with an allowance of three days of grace under article 883 of the Code of Practice. There is no objection to the filing of the transcript

of appeal in the appellate court at any time before the so-called return day, provided, of course, that the filing of the transcript before the return day shall not deprive the appellee of his right to answer the appeal at any time before the expiration of the three days immediately following the return day. Ginn v. Clack, 12 La. 480; Barham v. Livingston, 11 La.Ann. 604; Ross v. Naff, 130 La. 590, 58 So. 348; Wheeler v. Britton, 137 La. 975, 69 So. 766; State ex rel. Continental Supply Co. v. Fontenot, 152 La. 912, 94 So. 441; Folse v. Dale et al., 194 La. 180, 193 So. 581. In Wheeler v. Britton [137 La. 975, 69 So. 767] it was declared:

"The requirement that the return day shall be fixed in the order of appeal does not mean that the transcript of appeal shall not be filed before the return day. The return day only marks the limit of time within which the record shall be filed in the appellate court. It may be filed at any time before the return day, without prejudice to the appellee's right to move to dismiss the appeal. Ross v. Naff, 130 La. 590, 58 So. 348; State ex rel. Marrero v. Patterson, 134 La. 875, 64 So. 805."

As we have concluded to transfer these cases to the court of appeal, the appellees will be allowed to answer the appeals in the court of appeal at any time before the expiration of three days immediately following the last day which we shall allow the appellants for the filing of the record of the two cases in the court of appeal.

These cases are ordered transferred to the Court of Appeal for the First Circuit, Parish of East Baton Rouge, provided that

the record shall be filed in that court within thirty (30) days from the date on which this decree shall become final; otherwise the appeals shall be dismissed.