HAWTHORNE, Justice.
 

 These two suits, No.
 
 32,649
 
 and No. 32,805 on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, were consolidated for trial in the district court with separate judgment to be rendered in each suit, and likewise were consolidated for argument in this court.
 

 In these suits each of the several plaintiffs is suing the defendant John E. Perkins, appellant herein, to recover judgment against him for the various amounts of insurance premiums which are alleged to have been paid 'by each of them, but for which no insurance was ever obtained. In the petitions filed in the lower court some of the plaintiffs sought to recover amounts in excess of $2000, while others sought to recover lesser amounts. Before the case was decided by the district court, some of the plaintiffs abandoned their claims altogether, and all others except W. B. Brown, one of the plaintiffs in Suit No. 32,805, abandoned their claims to the extent that the amounts in dispute were less than $2000.
 

 The lower court rendered judgment in each suit in favor of each of those plaintiffs who had not abandoned their claims in their entirety in amounts ranging from $122.50 to $1588.45, and from these judgments defendant John E. Perkins appealed to this court.
 

 Under Article 7, Section 10, of our Constitution this court has appellate jurisdiction in civil suits, where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, exceeds $2000 exclusive of interest. Under this article this court has consistently held that in an ordinary civil suit the appellate jurisdiction is determined by the amount in dispute at the time when the judgment is rendered in the court of original jurisdiction. See State ex rel. Western Union Telegraph Company v. Judge, 21 La.Ann. 728; State ex rel. Beauvais v. Judges, 48 La.Ann. 672, 19 So. 617; Wolf v. Thomas, 137 La. 833, 69 So. 269; Norwood v. Lake Bisteneau Oil Co., 145 La. 823, 83 So. 25; Givens v. Yazoo & M. V. R. Co., 173 La. 372, 137 So. 66; Hanover Fire Ins. Co. v. Southern Amusement Co., Inc., 176 La. 631, 146 So. 316; H. A. Bauman, Inc., v. Tilly, 188 La. 531, 177 So. 657; State v. Cook, 197 La. 1027, 3 So.2d 114; Walker v. Fitzgerald, 214 La. 293, 37 So.2d 712.
 

 The lower court rendered judgment in favor of plaintiff W. B. Brown in the sum of $1588.45, although in the original peti
 
 *530
 
 tion he had claimed a much larger amount. However, he like the other plaintiffs, prior to the time the judgment was rendered by the lower court, abandoned a great portion of the amount originally claimed in his petition, and, although he contends that the amount in dispute was in excess of $2000 at the time the judgment for the above amount in his favor was rendered, the record reveals, as shown by Exhibit P-30 offered in evidence by this plaintiff, that the amount actually in dispute was less than $2000 because he under no circumstance could possibly have expected to recover more than $2000-. His claim is therefore clearly inflated.
 

 In this connection, it is significant that neither this plaintiff nor any of the other plaintiffs appealed or answered the appeal praying that the amount awarded each of them be increased, and this is a fact which can properly be considered by this court in determining whether plaintiff Brown’s claim is exaggerated. See Alessi v. Town of Independence, 142 La. 338, 76 So. 792.
 

 Under the established jurisprudence of this court it is well settled that, where a plaintiff’s claim obviously is exaggerated, it may be disregarded in determining the amount in dispute. Nash v. Curette, 218 La. 789, 51 So.2d 71; Quaglino v. Curren, 127 La. 126, 53 So. 464; French v. Trout Creek Lumber Co., 141 La. 18, 74 So. 575; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Buck v. Latimer, 151 La. 883, 92 So. 372; Lo Cicero v. Societa Italiana Di M. B. Christoforo Columbo, 151 La. 887, 92 So. 373; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Bensel v. Kuhlman, 154 La. 150, 97 So. 347; Guidry v. Breaux, 158 La. 1002, 105 So. 43; Walsh v. Bush, 206 La. 303, 19 So.2d 144; Trahan v. Breaux, 212 La. 459, 32 So.2d 845.
 

 Moreover, plaintiffs in the instant suits cannot by cumulating their demands in a single suit against a common defendant confer appellate jurisdiction itpon this court where the amount in dispute or the sum claimed by each plaintiff is below the appellate jurisdiction of this court, for each plaintiff in the instant suits has a separate and distinct right of action in which none of his coplaintiffs has the slightest interest. Alessi v. Town of Independence, supra; Hotard v. Perilloux, 160 La. 752, 107 So. 515; State ex rel. Langlois v. Lancaster, 218 La. 1052, 51 So.2d 622.
 

 Having concluded that this court is without jurisdiction in each of these suits, we will transfer both of these cases to the Court of Appeal, First Circuit.
 

 For the reasons assigned, each of these cases is ordered transferred to the Court of Appeal, First Circuit, provided that the -record shall be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellant is to pay the costs of this appeal to the Supreme Court; all other costs shall await the final disposition of the cases.