HARDY, Judge.
This is a suit by four individual plaintiffs as assignees of Mrs. Marie Holley Brooks “of all her right, title and interest in and to all improvements, additions, repairs and reconditioning made for and to the premises at 2122 Southern Avenue, Shreveport, Caddo Parish, Louisiana, while said premises were leased by Mrs. Brooks (then Mrs. .Holley) from Eugene J. Coen * * * »
Plaintiffs pray for judgment against defendant, Eugene J. Coen, “for Three Thousand Three Hundred Thirty-two and 86/100 ($3,332.86) Dollars * *
An exception of no right or cause of action was sustained and plaintiffs’ suit was dismissed. From this judgment plaintiffs have appealed.
It is apparent on the basis of the above recitals that the amount involved herein exceeds the jurisdiction of this Court. In supplemental brief, dealing with the jurisdictional question, which has been filed herein on behalf of plaintiffs, counsel has cited a number of authorities on the proposition that where separate demands are consolidated in one suit for the purpose of avoiding a multiplicity of actions the jurisdictional test would be the amount of each separate interest rather than the aggregate thereof. Larrieux v. Crescent City Live Stock Landing & Slaughter House Co., 30 La.Ann. 609; Alessi v. Town of Independence, 142 La. 338, 76 So. 792; Hotard v. Perilloux, 160 La. 752, 107 So. 515; Taylor v. American Bank & Trust Company, 17 La.App. 458, 133 So. 402. With these cases and with the jurisdictional principle announced in each of them, we have no quarrel, but the facts are clearly to be differentiated from those before us in the instant case, and the holdings are therefore not appropriate.
In this case the basis of the action by the plaintiffs is their purchase of an asserted right from a third party in the enforcement of which they seek recovery of the sum set forth. It is as if the four plaintiffs had joined together and purchased, by assignment from a third party, a promissory note or other obligation upon which they seek recovery from defendant of an amount in excess of $2,000. There is no question in our minds as to our lack of jurisdiction, and, accordingly;
It is ordered, adjudged and decreed that this appeal be and it is transferred to the Honorable the Supreme Court of the State of Louisiana. Appellants are allowed a period of sixty days from the date upon which this judgment shall become final within which to perfect the said appeal, otherwise the same shall stand dismissed. Costs of this Court are taxed against appellants. All other costs shall await final determination hereof.