KOPANICA v. LEVATA

---

(March 23, 1931. Opinion and Decree.)

---

Raymond Gauche, of New Orleans, attorney for plaintiff, appellee.

Daly & Hamlin, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Peter Kopanica, a wholesale dealer in oysters, sues Anthony Levata, a retailer, for payment for seventy-three sacks of oysters at $1.50 per sack, amounting to a total of $109.50. Defendant admits receipt of the oysters and that the price, $1.50 per sack, is correct, but avers that each sack delivered was short in measure, and, in a reconventional demand, claims that prior to the deliveries sued for he had purchased many sacks of oysters from plaintiff, and that each sack delivered to him between December 29, 1928, and September 18, 1929, had been short to some extent, and that the total value of the shortages amounted to $155.69.

By Act No. 51 of 1910, the Legislature of Louisiana established a standard measure for oysters. This act provides that the standard measure is a basket containing a bushel and a half and a sack of oysters must contain one standard basket. Defendant claims that during the period covered by the reconventional demand he was not the owner of a standard measure, and therefore did not know that the sacks which were being delivered to him during that time did not contain one and a half bushels each, but that during that time he did have an ice box in which oysters were kept, and that he later discovered that the said ice box could only contain a certain number of sacks of oysters of standard measure, whereas it always contained more than that number of sacks of oysters sold him by plaintiff.

The evidence is conflicting, but we are of the opinion that, to say the least, it does not preponderate in support of defendant's contention. Plaintiff was a large wholesale dealer, and undoubtedly was in the habit of keeping close watch on his purchases and deliveries, and, in our opinion, defendant's proof is not sufficiently definite or positive to convict plaintiff of delivering short measures.

Furthermore, since the case involves only one of fact, the trial court should not be reversed, unless manifestly erroneous, and we cannot say that the judgment here complained of is obviously incorrect. As we have intimated, the trial court rendered judgment in favor of plaintiff on the main demand and dismissed the reconventional demand. The judgment appealed from is affirmed.